0277

EMERSON ELECTRIC CO., Appellant, v. Robert C. WASSON, John H. Lafitte, Jr. and Charles N. Plowden, Members of and Collectively Constituting the South Carolina Tax Commission, Respondents.

(322 S. E. (2d) 671)

Court of Appeals

*Robert P. Wilkins,* Lexington, *for appellant.*

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod, Deputy Atty. Gen. Joe L. Allen, Jr.,* and *Asst. Atty. Gen. Jackson E. Fields, Jr.,* Columbia, *for respondents.*

Sept. 18, 1984.

GARDNER, Judge:

Emerson Electric Co. (Emerson), together with its wholly owned subsidiary Therm-O-Disc, Incorporated (TOD), filed a consolidated state income tax return for the fiscal year ending September 30, 1978. The State audited the return and imposed additional taxes in amount of $28,070 which were paid under protest; this action was brought to recover these taxes. The trial court found for the Tax Commission. We disagree and reverse.

At issue is how the "throwback rule" of Section 12-7-1170, Code of Laws of South Carolina , 1976, should be applied to a consolidated corporate tax return.

At the outset, we hold that the word consolidate means to join together into one whole, or in a general sense to unite into one mass or body. *See Webster's New Collegiate Dictionary* and *Black's Law Dictionary.* In the writer's mind, the word consolidate can be analogized to the word homogenize and so the writer coins a new definition for the words to consolidate, i.e., "to homogenize."

We next observe that a multistate corporation is taxed in a state when it is doing business in that state. Certain activities, such as the maintenance of a branch office, cause corporations to be determined as doing business in a particular state

and therefore subject to having a *pro rata* part of their total net income taxed by that state. Determining that *pro rata* part of the total net income of a multistate corporation's income to be taxed by a particular state is called apportionment.

Emerson does business in South Carolina and 43 other states; TOD in South Carolina and Ohio.

With reference to § 12-7-1570, South Carolina Code of Laws, 1976, the appealed order held: "It is significant to note that it is the consolidated 'net income' that is to be reflected. The net income of each of the corporations is to be determined by the formula. Nowhere does this language require that the corporations become one entity for business purposes."

We disagree. Section 12-7-1570, in pertinent parts, reads:

§ 12-7-1570. Consolidated returns may be permitted.
Any taxpayer capable of exercising directly or indirectly, substantially the entire control of the business of another taxpayer, either by ownership or control of substantially the entire capital stock (if a corporation) of such other taxpayer or otherwise, may, under regulations prescribed by the Commission, be permitted to *make a consolidated return,* showing the *consolidated net income* and such other information as the Commission may require in order to compute the net income properly attributable to the State and to impose the tax upon the taxpayers concerned. (Emphasis ours.)

\* \* \* \* \* \*

Moreover, Regulation 117-77 IV of the Tax Commission provides:

Two or more corporations doing a multistate business may file a consolidated return provided all corporations in the consolidation are subject to the same method of apportionment. Corporations not subject to the same method of apportionment must compute the South Carolina net income of each corporation separately and then combine the South Carolina net income of each into one return.

The parties stipulate that the same three factor formula for determining what portion of income is taxable in South Carolina applies to both Emerson and TOD. Thus, the method of apportionment is the same for both corporations and they are entitled to file a consolidated return.

It is to be noted that the statute refers to both a consolidated return and a consolidated net income. We hold that the clear intent of the statute is that the taxpayer (Emerson) under this statute be permitted "to homogenize" all items of income and expense (cost of doing business) in the consolidated return so that a "homogenized" net income figure is reported. The quoted section of the appealed order disregards the words "be permitted to make a consolidated return" and implies that the word consolidated only applies to the words *net income;* we hold this to be an erroneous construction of the statute.

All income tax returns of businesses must, of necessity, contain, either actually or by reference, the information necessary for a profit and loss statement for the period in question. In a consolidated tax return, consolidated items of expense and the cost of doing business are used in the profit and loss statement resulting in a consolidated net income. Section 12-7-1570 permits Emerson and TOD to file a consolidated ("homogenized") state income tax return, in which intercompany transactions are excluded; and by which the two companies are permitted, in arriving at a net income figure, to consolidate ("homogenize") the income and expense items of the two companies.

Of course, South Carolina can tax only its *pro rata* share of the total "homogenized" net income; stated differently, only a small percentage of the total "homogenized" net income will be apportioned to South Carolina. For the apportionment formulas, see Sections 12-7-1140, referencing 12-7-1150, 12-7-1160 and 12-7-1170, South Carolina Code of Laws, 1976. These apportionment formulas involve the factors of (1)property situated in the state, (2) payrolls made to employees residing in the state and (3) sales made within the state. For each "factor," that attributable to South Carolina is the quotient of the South Carolina "factor" divided by the total "factor" of the taxpayer. From the average of these combined factor-ratios, a *pro rata* percentage of the total "homoge-

nized" income is taxed by South Carolina; *the trouble is Emerson and the South Carolina Tax Commission cannot agree on what sales are attributable to South Carolina.*

Under Section 12-7-1170 sales attributable to South Carolina are in two groups. The first group of sales is composed of sales to purchasers in the state. The second group is composed of those sales made in foreign states where the taxpayer is not taxable. These sales are said to be thrown back to South Carolina for income taxation purposes; they are known as throw back sales; about this group of sales the parties disagree; this disagreement is what this case is all about.

The Tax Commission held, and the trial judge agreed and held, that sales by TOD in all foreign states except Ohio are not sales in states where the taxpayer is taxable because TOD is not doing business in those foreign states and, for this reason, these sales are thrown back to South Carolina, and used in the apportionment formula, thereby increasing South Carolina's *pro rata* share of the total income of Emerson to be taxed by South Carolina.

Emerson insists, and we agree, that because of the consolidation of income permitted by § 12-7-1570, the sales must be reported on a consolidated basis. In a consolidated return the throwback rule must be applied to the activities of the consolidated entity, and we so hold. Thus, where a consolidated return is permitted by the statute, the sales attributed to South Carolina under the "throwback rule" are sales in those states where *neither* of the consolidated entities is taxable.

For the reasons given, the judgment below is reversed and the case remanded for entry of judgment in favor of Emerson Electric Co.

Reversed and Remanded.

BELL and CURETON, JJ., concur.