22440

EMERSON ELECTRIC CO., Respondent, v. Robert C. WASSON, John H. Lafitte, Jr., and Charles N. Plowden, Members of and Collectively Constituting The South Carolina Tax Commission, Petitioners.

(339 S. E. (2d) 118)

Supreme Court

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Joe L. Allen, Jr.,* and *Senior Asst. Atty. Gen. Ray N. Stevens,* Columbia, *for petitioners.*

*Robert P. Wilkins,* Lexington, *for respondent.*

Heard Sept. 25, 1985.

Decided Jan. 8, 1986.

FINNEY, Justice:

Emerson Electric Company (Emerson) and its wholly owned subsidiary, Therm-O-Disc, Incorporated, (TOD) filed

a consolidated South Carolina income tax return for the fiscal year ending September 30, 1978, pursuant to South Carolina Code Annotated Section 12-7-1570 (1976). After an audit, the Tax Commission imposed additional taxes in the amount of twenty-eight thousand seventy and no/100 ($28,070) dollars on the premise that Emerson had incorrectly applied the "throwback rule" of South Carolina Code Annotated Section 12-7-1170 (1976), to its consolidated return. Emerson paid the tax under protest and brought this action. The trial court found for the Tax Commission, but was reversed by the Court of Appeals, 283 S. C. 257, 322 S. E. (2d) 671. This court agrees with the trial judge and remands for entry of judgment in favor of the South Carolina Tax Commission in the amount of twenty-eight thousand seventy and no/100 ($28,070.00) dollars.

In 1978 Emerson did business in forty-four states, including South Carolina, while TOD conducted business in South Carolina and Ohio only. In the consolidated return, the sales of the subsidiary, TOD, were distributed, for the purposes of the tax formula, among the forty-four states in which Emerson did business.

The Tax Commission disallowed this procedure and attributed or "threw back" to South Carolina the sales of TOD which were made in but were not taxable in states other than Ohio. These sales were then added to the numerator of the formula, resulting in a higher tax rate. The disallowance of Emerson's method of distributing the subsidiary's sales constitutes the issue before this court.

It is clear that both Emerson and TOD are subject to an income tax in South Carolina. Section 12-7-230 provides in part that:

> ... Every foreign corporation transacting, conducting, doing business or having income within the jurisdiction of this state ... shall make a return and shall pay annually an income tax equivalent to six percent of a proportion of its entire net income, to be determined as provided in this chapter ...

Section 12-7-250 also provides that if a taxpayer is transacting or conducting business partly within and partly without South Carolina, the income tax "... shall be imposed

upon a base which reasonably represents the proportion of the trade or business carried on within this state." This section clearly indicates the intent of the legislature that each taxpayer shall pay taxes based on the proportion of business that they conduct in this state.

The method for determining income from South Carolina when a business is conducted both within and without the state (i.e. Emerson and TOD), is proscribed by the three-factor formula found in Sections 12-7-1150, 12-7-1160, and 12-7-1170. This apportionment formula involves 1) the average of the corporation's payroll in South Carolina to total payroll; 2) the value of property in South Carolina to the total value of the corporation's property; and 3) the amount of sales in South Carolina to total corporate sales.

Although there is no disagreement among the parties as to the calculation of the payroll and property portions of the formula, they do disagree on the apportionment of "sales" in a consolidated return.

Section 12-7-1170 attributes two categories of sales to South Carolina for tax purposes: 1) sales to purchasers within the state, and 2) sales made in foreign states where the taxpayer is not taxable. It is clear that in the absence of the consolidated return, a proportion of TOD's sales in states other than Ohio would be attributable to South Carolina. In determining whether a consolidated return has the effect of transferring TOD's sales to other states where it does not conduct business, but where Emerson does, the language of Section 12-7-1570 must be referred to. Section 12-7-1570 provides that:

> Any taxpayer capable of exercising, directly or indirectly, substantially the entire control of the business of another taxpayer, either by ownership or control of substantially the entire capital stock (if a corporation) of such other taxpayer or otherwise, may, under regulations prescribed by the Commission, be permitted to make a consolidated return, showing the consolidated net income and such other information as the Commission may require in order to compute the net income properly attributable to the state and to impose the tax upon the *taxpayers* concerned. (Emphasis added).

The language of the statute clearly allows two corporations to make a consolidated return showing net income, but it also requires that the return contain such other information necessary to compute the net income of each taxpayer properly attributable to the state so that South Carolina can impose a tax on the *taxpayers* concerned. The legislature's use of the plural "taxpayers" instead of "taxpayer" indicates that corporations filing consolidated returns are not to be considered a single entity. A taxpayer is also defined under South Carolina Code Annotated Section 12-7-250 (1976) as "any individual, fiduciary or corporation subject to the tax imposed by this chapter ..."

This position is in line with the United States Supreme Court's construction of the federal tax statutes. That court has held that when two or more corporations join in a consolidated tax return, each remains an identifiable taxpayer. A corporation does not lose its status as an identifiable entity by affiliating with another. *Woolford Realty Co., Inc. v. Rose*, 286 U. S. 319, 52 S. Ct. 568, 76 L. Ed. 1128 (1932).

Further substantiating this court's position is the testimony at trial of two employees of the Tax Commission who testified that the method used by the Commission to figure taxes owed by the taxpayers, Emerson and TOD, was consistent with their established procedures. The construction of a statute by an agency charged with its administration is entitled to the most respectful consideration and should not be overruled absent compelling reasons. *Faile v. South Carolina Employment Security Commission*, 267 S. C. 536, 230 S. E. (2d) 219 (1976); *Stone Mfg. Co. v. South Carolina Employment Security Commission*, 219 S. C. 239, 64 S. E. (2d) 644 (1951).

For the reasons set forth herein, the opinion of the Court of Appeals is hereby reversed and the matter is remanded to the Court of Common Pleas for Richland County with directions to enter judgment in favor of the appellant, The South Carolina Tax Commission, in the amount of twenty-eight thousand seventy and no/100 ($28,070.00) dollars.

Reversed and remanded.

NESS, C. J., and GREGORY, HARWELL and CHANDLER, JJ., concur.