## 19711

The STATE, Respondent, v. Jimmy Calvin POLLARD, Appellant.

(200 S. E. (2d) 233)

390

Messrs. *Grover S. Parnell, Jr.,* and *Randolph W. Hunter,* of Greenville, *for Appellant,* cite: 

Messrs. *David R. McLeod, Atty. Gen.,* and *Emmet H. Clair, Robert M. Ariail, Asst. Attys. Gen.,* of Columbia, and *C. Victor Pyle, Sol.,* and *William W. Wilkins, Jr., Asst. Sol.,* of Greenville, *for Respondent,* cite: 

October 30, 1973.

*Per Curiam:*

The defendant Pollard appeals from his conviction in the Greenville County Court on a charge of unlawful distribution of heroin. A review of the record and full consideration of his contentions result in the inescapable conclusion that his appeal is totally without merit.

As reflected by the agreed statement of the case, the State presented evidence establishing that a law officer purchased two glassine bags of white

powder from appellant and a co-defendant Dean, and that the powder contained therein was analyzed by a SLED chemist who found the powder to be a heroin-quinine mixture. Appellant contends, nevertheless, that he was entitled to a directed verdict of not guilty because admittedly the bags of powder were handed to the officer by his co-defendant who likewise immediately received from the officer the money in payment therefor. It is sufficient to say that there is abundant evidence in the record tending to establish not only Pollard's presence but his active participation in the crime.

In considering a motion for a directed verdict of not guilty, it is elementary that the evidence has to be viewed in the light most favorable to the State and that the trial court is concerned with the existence or nonexistence of evidence, not its weight, and if there is any evidence, either direct or circumstantial, which reasonaby tends to prove the guilt of the accused, or from which guilt may fairly and logically be deduced, it is the trial court's duty to submit the case to the jury. See cases collected in West's South Carolina Digest, Criminal Law Key No. 753.

Appellant's only other centention is that the glassine bags containing the heroin were introduced into evidence over his objection prior to the State establishing a complete chain of evidence tracing possession of the substance from the time of sale until its presentation in court. The substance was offered in evidence through the chemist who analyzed it, and prior thereto the State had proved a complete chain of evidence tracing possession of the substance from the time it was sold to the officer until it reached the custody of the chemist who had analyzed it. This would seem to be sufficient under the principles enunciated in *Benton v. Pellum*, 232 S. C. 26, 100 S. E. (2d) 534. See also cases in 21 A. L. R. (2d) 1216-1241, Sec. 4. Nevertheless, the State thereafter produced evidence to trace the possession of the substance from the time of its receipt by the chemist until its final presentation in court.

We consider that there was no error and obviously no prejudice to the appellant.

Affirmed.