22009

The STATE, Respondent, v. Tommy DOBSON, Appellant.

(309 S. E. (2d) 752)

*Asst. Appellate Defender William Isaac Diggs;* of *S. C. Com'n of Appellate defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *State Atty. Carlisle Roberts, Jr.,* Columbia and *Sol. Donald V. Myers,* Lexington, *for respondent.*

Nov. 29, 1983.

GREGORY, Justice:

Appellant Tommy Dobson was convicted of attempted burglary after the trial judge refused his plea of *autrefois acquit.* We vacate appellant's conviction and sentence.

Appellant was first indicted for attempted housebreaking. At trial, the judge directed a verdict of acquittal on the ground that the state's evidence established a breaking occurred at night, if at all.

Appellant was reindicted for attempted burglary for the same act. The trial judge refused appellant's plea of *autrefois acquit.* Appellant was convicted and sentenced to six years' imprisonment suspended upon service of nine months and three years' probation.

Appellant argues the second indictment and trial violated the double jeopardy clauses of the Fifth Amendment to the United States Constitution and Article I, Section 12 of the South Carolina Constitution. We agree.

This Court held in *State v. Suttles*, S. C. ____ , 302 S. E. (2d) 338 (1983)[1] that housebreaking is a lesser included offense of burglary and that a defendant could plead guilty to housebreaking under a burglary indictment. Likewise, a defendant may be convicted of housebreaking under a burglary indictment. One cannot, however, be convicted of burglary under an indictment for housebreaking.

A lesser included offense requires no proof beyond that which is required for conviction of the greater offense. *Brown v. Ohio*, 432 U. S. 161, 97 S. Ct. 2221, 53 L. Ed. (2d) 187 (1977). The Fifth Amendment to the United States Constitution forbids successive prosecution for a greater or lesser offense. *Id.*

"If two offenses are the same ... for purposes of barring consecutive sentences at a single trial, they necessarily will be the same for purposes of barring successive prosecutions." *Id.* at 166, 97 S. Ct. at 2226.

Since, by definition, burglary includes all the elements of housebreaking, appellant could not be convicted of both offenses at a single trial and could not be reindicted for either offense after acquittal on the other.

Because of our disposition of this issue, we need not address appellant's other exception.

Accordingly, we vacate appellant's conviction and sentence.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.

---

[1] *Suttles* was decided after Dobson's trial and after briefs were filed with this Court.