### 22236

The STATE, Respondent, v. Frank Victor SOSEBEE, Appellant.

(326 S. E. (2d) 654)

Supreme Court

*Ralph J. Wilson, Public Defender,* Conway, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *State's Atty. Agnes Dale Moore,* Columbia, and *Sol. James O. Dunn,* Conway, *for respondent.*

Heard Dec. 10, 1984.

Decided Feb. 14, 1985.

LITTLEJOHN, Chief Judge:

The defendant-appellant, Frank Victor Sosebee, was convicted by a jury of kidnapping and second degree criminal sexual conduct. Sosebee appeals submitting that the trial judge improperly commented on the evidence and testimony in the presence of the jury. We affirm.

The victim, a non-commissioned Air Force officer stationed at Myrtle Beach, testified that on the night of March 23, 1983, Sosebee telephoned her and tricked her into meeting him at a local high school parking lot. She denied knowing him prior to this incident. She testified that through misrepresentations, Sosebee persuaded her to drive him to a secluded spot where he coerced her into sexual intercourse against her will by use of force and threats.

Sosebee testified that he and the victim had been previously acquainted and had planned to meet at the parking lot. He further testified that the sexual relations developed with her consent.

Clearly if the jury had believed Sosebee, he would have been found not guilty. The jury obviously believed the victim because of the resulting convictions.

Through this appeal, Sosebee argues that he is entitled to a new trial because the trial judge made prejudicial comments in the presence of the jury affecting the credibility of witnesses. He further argues that the judge erred in erroneously quoting the testimony of the victim.[1]

No objection was made to either of these alleged errors nor was a motion for a new trial made such that the judge might have an opportunity to correct a mistake if there be such. If counsel perceived any prejudice at the trial, a motion for a mistrial should have been contemporaneously made. No objection having been interposed, the matter may not now be pursued on appeal. *State v. Anderson*, 181 S. C. 527, 188 S. E. 186 (1936).

The final issue concerns an allegation of error in admitting hearsay testimony by witnesses concerning what the victim told them outside the defendant's presence. Although it is not clear from Sosebee's brief what testimony is being challenged, we deduce that he is complaining of the testimony of witness Vankesteren. The witness testified about what the victim told him upon her return home that night. Defense counsel objected on the ground of hearsay. The trial judge agreed that the testimony did not fall within the *res gestae*, but allowed it as evidence of promptly reporting an assault. A trial judge has considerable latitude in ruling on the admissibility of evidence and his rulings will not be disturbed absent a showing of probable prejudice. *State v. Sullivan*, 277 S. C. 35, 282 S. E. (2d) 838 (1981). Evidence that the victim of an assault made a voluntary complaint or report of the incident is admissible. We find no error.

Affirmed.

NESS, GREGORY, HARWELL and CHANDLER, JJ., concur.

---

[1] We caution the trial judge that he should never intimate to the jury his opinion on the credibility of the witnesses, the weight of the evidence, or the guilt of the accused. *State v. Pruitt*, 187 S. C. 58, 196 S. E. 371 (1938); *State v. Kennedy*, 272 S. C. 231, 250 S. E. (2d) 338 (1978).