22569

The STATE, Respondent v. Merle W. KING, Appellant.

(346 S. E. (2d) 323)

Supreme Court

*Deputy Chief Atty. Elizabeth C. Fullwood* of *South Caro-. lina Office of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Carlisle Roberts, Jr.,* Columbia, and *Sol. Charles M. Condon*, Charleston, *for respondent.*

Heard Feb. 11, 1986.

Decided June 9, 1986.

*Per Curiam:*

Appellant Merle W. King was indicted for felony driving under the influence [S. C. Code Ann. § 56-5-2945 (Supp. 1985)]. He was tried, convicted and sentenced. This appeal followed. We reverse and remand for a new trial.

Appellant contends the trial judge erred in refusing to charge the jury the law of involuntary manslaughter [a common law crime] and reckless homicide [S. C. Code Ann. § 56-5-2910 (1976)]. He argues these offenses are lesser included offenses of felony D.U.I. As a matter of policy, we agree.[1]

It is clear that the same facts could easily justify an ■ indictment on any of these offenses. The legislature did not intend that felony D.U.I. supplant the offenses of involuntary manslaughter and reckless homicide, but instead intended to supplement these offenses. *See State v. Bodiford*, 282 S. C. 378, 318 S. E. (2d) 567 (1984). These offenses give the Courts a broad spectrum of offenses to apply in appropriate cases.

---

[1] Of course, the facts of an individual case may preclude charging these lesser included offenses. *See State v. Gandy*, 283 S. C. 571, 324 S. E. (2d) 65 (1984).

Accordingly, we hold that involuntary manslaughter and reckless homicide are lesser included offenses of felony D.U.I. in a case where a death occurs.[2] Our disposition of this issue makes it unnecessary to consider appellant's remaining exceptions. The conviction and sentence are reversed, and the case is remanded for a new trial.

Reversed and remanded.

---

[2] Felony D.U.I. contains alternate elements of death or serious injury. *See* Section 56-5-2945. Our holding does not extend to cases where a death does not occur.