22942

The STATE, Respondent v. David WILLIAMS, Jr., Appellant.
(376 S. E. (2d) 773)

Supreme Court

---

[5] U. S. Const. Amend. XIV, § 1; S. C. Const. art. 1, § 13.

*Deputy Chief Atty. Elizabeth C. Fullwood,* of *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.,* Columbia, and *Sol. Charles M. Condon,* Charleston, *for respondent.*

Heard Oct. 4, 1988.

Decided Jan. 16, 1989.

GREGORY, Chief Justice:

Appellant was convicted of one count of felony driving under the influence (DUI) causing death and two counts of felony DUI causing great bodily injury. He was sentenced concurrently to twelve years and two one-year terms. We affirm.

Appellant contests the trial judge's refusal to suppress the results of a blood alcohol test. He claims the warrantless seizure of his blood violated his fourth amendment rights because it was not incident to a valid arrest. We disagree.

Officer Rohaus testified he was called to the scene of an accident on November 13, 1986. He found appellant pinned in his vehicle yelling and cursing at rescue workers. Rohaus smelled "an odor of alcoholic beverage in the vehicle." In his

opinion, appellant was intoxicated.

Sergeant Allen testified "there was a smell of alcoholic beverage contained about the person [of appellant] and his motor vehicle." He testified appellant was arrested at the scene and was incoherent at the time.

An accident reconstruction expert testified appellant's vehicle crossed a double yellow line into the oncoming lane at an acute angle. The impact occurred in the center of the oncoming lane. The driver of the other vehicle was killed and two teenaged passengers severely injured.

Because appellant was injured, he was taken from the scene to the hospital. At the hospital, several tubes of appellant's blood were drawn including one taken at the request of police. This sample was tested for blood alcohol content and registered .177.

In December 1986, a month after the accident, appellant received a Uniform Traffic Ticket for felony DUI. The ticket refers to "date of arrest" as December 24, 1986, rather than November 13, 1986.

Appellant first argues that under *Schmerber v. California*, 384 U. S. 757, 86 S. Ct. 1826, 16 L. Ed. (2d) 908 (1966), there must be a prior arrest before a blood sample can be drawn absent consent. The fourth amendment analysis in *Schmerber*, however, does not hinge on whether there was a prior arrest. It focuses on the exigent circumstance of destruction of the evidence as alcohol content breaks down in the accused's body and the slight intrusion necessary to contract blood as justification for a warrantless search.

In the more recent case of *Cupp v. Murphy*, 412 U. S. 291, 93 S. Ct. 2000, 36 L. Ed. (2d) 900 (1973), the Supreme Court held a formal arrest is not required for police to conduct a limited search necessary to preserve highly evanescent evidence if there is probable cause to arrest. 93 S. Ct. at 2004. Under *Murphy*, the warrantless seizure of appellant's blood did not violate his fourth amendment rights if there was probable cause to arrest at the time of the accident. *See also State v. Hollingsworth*, 77 N. C. App. 36, 334 S. E. (2d) (1985).

Despite appellant's argument to the contrary, the record supports a finding of probable cause to arrest at the scene of the accident. The odor of alcohol and

appellant's belligerent attitude indicate he was intoxicated at the time the wreck occurred. The trial judge correctly ruled there was probable cause to arrest appellant at the scene.[1]

Next, appellant contends the chain of custody of his blood sample was insufficient because the nurse who drew the blood did not testify.

Nurse Yorke testified she removed the blood sample from a locked refrigerator on the morning after the accident and took it to the lab for testing. The vial was labeled with appellant's name, his patient number, his date of birth, and the date the blood was drawn. The hospital's internal chain of custody form was initialled by Nurse Burns indicating she had obtained the sample from appellant and then locked it in the refrigerator.

Proof of chain of custody need not negate all possibility of tampering but must establish a complete chain of evidence as far as practicable. *Benton v. Pellum*, 232 S. C. 26, 100 S. E. (2d) 534 (1957); *Sligh v. Johnson*, 288 S. C. 364, 342 S. E. (2d) 620 (Ct. App. 1986). The admission of evidence is discretionary with the trial judge. *State v. Bailey*, 276 S. C. 32, 274 S. E. (2d) 913 (1981). The initialled form which complied with hospital protocol and Nurse Yorke's testimony sufficiently established a chain of custody. We find no abuse of discretion in admission of the blood sample test result.

Accordingly, the judgment of the circuit court is

Affirmed.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.

---

[1] We note the implied consent statute, S. C. Code Ann. § 56-5-2950 (Supp. 1987), has since been amended to include implied consent to a blood test under specified circumstances.