23217

The STATE, Respondent v. Michael Wayne WILLIAMS, Appellant.

(392 S.E. (2d) 181)

Supreme Court

*Jack B. Swerling, Jennifer Kneece Shealy,* and *F. Patrick Hubbard,* Columbia, *for appellant.*

*Attorney Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Staff Atty. Miller W. Shealy, Jr.,* and *Sol. James C. Anders, Jr.,* Columbia, *for respondent.*

Heard April 17, 1990.

Decided May 29, 1990.

*Per Curiam:*

Appellant Michael Wayne Williams (Williams) was convicted of two counts of felony driving under the influence (Felony DUI).

We reverse and remand for a new trial.

## FACTS

On June 8, 1987, the vehicle being driven by Williams on Clemson Road, Columbia, collided with a vehicle in which Randall and Ruth Williams[1] (Victims) were riding. All parties were very seriously injured and unconscious when EMS personnel arrived.

Four days later, without arresting Williams, the highway patrolman investigating the accident, Officer Hooten, secured a *subpoena duces tecum* directing Richland Memorial Hospital to produce the results of any blood alcohol tests (BAT) performed on Williams. Based upon Williams' blood alcohol content of .26 percent, Hooten obtained a warrant for Williams' arrest. He was subsequently indicted for Felony DUI.

At trial, Williams' motion to dismiss the indictment on the basis of an "invalid *subpoena duces tecum*" was denied. Likewise, his motion to suppress the BAT results on the grounds that the State had not sufficiently established the chain of custody was denied.

## ISSUES

Although several issues are raised, we need address only

(1) Whether the *subpoena duces tecum* used to obtain Williams' BAT results was invalid, mandating dismissal of the indictment.
(2) Whether the State sufficiently established the chain of custody of Williams' blood test.

## DISCUSSION

## I. SUBPOENA DUCES TECUM

State concedes that, as no action was pending against

---

[1] Randall and Ruth Williams are not related to Michael Wayne Williams.

Williams, the *subpoena duces tecum* was clearly defective. However, it contends that this defect did not require dismissal of the indictment. We agree.

The validity of an indictment is not affected by the character of the evidence considered by the grand jury and, if valid on its face, the indictment may not be challenged on the ground that the grand jury acted on the basis of incompetent evidence. *United States v. Callandra*, 414 U.S. 338, 94 S. Ct. 613, 38 L. Ed. (2d) 561 (1974). Here, the indictment contained no facial defect; the Court properly refused Williams' motion to dismiss.

## II. CHAIN OF CUSTODY

"Proof of chain of custody need not negate all possibility of tampering but must establish a complete chain of evidence as far as practicable." *State v. Williams*, 297 S.C. 290, 293, 376 S.E. (2d) 773, 774 (1989).

Here, no one present in the emergency room (E/R) could identify the person who sealed and labeled the blood with Williams' patient number. Additionally, although the blood sample was received in the laboratory, neither E/R nor laboratory personnel could recall by whom it was transported. Moreover, Williams' E/R record was initially mislabeled as that of Randy Williams.

These breakdowns, cumulatively, render the chain of custody fatally defective.

The judgment below is

Reversed and remanded for a new trial.