### 23711

James A. GILSTRAP, Jr., as natural guardian and next friend of Nicole L. Gilstrap, a minor; Judge W. Fair; Linda L. Bush; Sheila C. Gallager; Elaine Suddeth; Betty Morris; Patricia Thomas, personally and as natural guardian and next friend of Donald Carson, a minor; Brenda Rose wallace, personally and as natural guardian and next friend of Chartava Wallace, a minor; and Marlboro County School District, Plaintiffs v. SOUTH CAROLINA BUDGET AND CONTROL BOARD, Defendant. RICHLAND MEMORIAL HOSPITAL, Lexington Medical Center, Greenville Hospital System, Spartanburg Regional Medical Center, Loris Community Hospital, Anderson Memorial Hospital, South Carolina Hospital Association, and Carrie M. Cain, Plaintiffs v. The Honorable Carroll A. CAMPBELL, Jr., Governor of the State of South Carolina, as Ex-Officio Chairman and member of the State Budget and Control Board, Grady L. Patterson, Jr., Treasurer of the State of South Carolina, Earl E. Morris, Jr., Comptroller General of the State of South Carolina, John Drummond, Chairman of the Finance Committee of the South Carolina Senate, and William D. Boan, Chairman of the Ways and Means Committee of the South Carolina House of Representatives, all as Ex-Officio Members of the State Budget and Control Board, Defendants. SOUTH CAROLINA SCHOOL BOARDS ASSOCIATION, Plaintiff v. SOUTH CAROLINA BUDGET AND CONTROL BOARD, Defendant.

(423 S.E. (2d) 101)

Supreme Court

*Richard Mark Gergel* and *W. Allen Nickles, III* of *Gergel, Burnette, Nickles & Grant,* Columbia, *for plaintiffs James A. Gilstrap, Jr., et al.*

*Michael W. Tighe, Steven M. Anastasion,* and *Louis H. Lang* of *Callison Tighe Robinson & Anastasion,* Columbia, *for plaintiffs Richland Memorial Hosp., et al.*

*Kenneth L. Childs, David E. Dubberly,* and *Geoffrey R. Bonham* of *Childs & Duff, P.A.,* Columbia, *for plaintiffs South Carolina School Boards Ass'n.*

*Chief Deputy Atty. Gen. Joseph D. Shine,* Columbia, *for defendants South Carolina Budget and Control Bd., et al.*

*John Moylan,* Columbia, *for amicus curiae Nick A. Theodore, Lieutenant Governor* and *President of the South Carolina Senate, et al.*

*Sol. Wade S. Kolb, Jr.,* Sumter, *for amicus curiae South Carolina Solicitors Ass'n.*

Heard Sept. 9, 1992.

Decided Sept. 15, 1992.

*Per Curiam:*

These actions for injunctive relief to prohibit the South Carolina Budget and Control Board (the Board) from implementing its proposed plan for budget reductions for the 1992-1993 fiscal year are in this Court's original jurisdiction by consent of the parties. We grant plaintiffs' request for injunctive relief.

On August 22, 1992, the Board adopted a plan to reduce appropriations under the 1992 Appropriations Act (the Act) because of revenue shortfall projections of approximately $200 million. The reductions were based on the rate of growth in each agency's budget over the past year. Plaintiffs contend that the Board improperly adopted this plan in that it ex-

ceeded the authority granted to it by the Legislature. We agree.

Initially, the Board asserts that none of the plaintiffs have standing to contest the Board's action. The allegations of individualized injuries by the plaintiffs are sufficient to show standing. *Citizens for Lee County, Inc. v. Lee County,* — S.C. —, 416 S.E. (2d) 641 (1992); *S.C. Wildlife Federation v. S.C. Coastal Council,* 296 S.C. 187, 371 S.E. (2d) 521 (1988). Further, the questions involved here are of such wide concern that the rules on standing will not be inflexibly applied. *Thompson v. S.C. Commission on Alcohol & Drug Abuse,* 267 S.C. 463, 229 S.E. (2d) 718 (1976).

■ The Act, from which the Board's authority to reduce the rate of expenditure is derived, provides, in part:

> Any appropriations made herein or by special act now or hereafter, are hereby declared to be maximum, conditional and *proportionate,* the purpose being to make them payable in full in the amount named herein, if necessary, but only in the event the aggregate revenues available during the period for which the appropriation is made are sufficient to pay them in full. The State Budget and Control Board shall have full power and authority to survey the progress of the collection of revenue and the expenditure of funds by all departments and institutions. If the Budget and Control Board determines that a deficit may occur, it shall utilize such funds as may be available to avoid a year end deficit and thereafter take such action as is necessary to restrict the rate of expenditure as provided in this section of this Act. No institution, activity, program, item, special appropriation, or allocation for which the General Assembly has provided funding in any part of this Act shall be discontinued, deleted, or deferred by the Budget and Control Board. *Any reduction of rate of expenditure by the said Board, under authority of this Act, shall be applied as uniformly as may be practicable....*

Act No. 501, § 14N.2, 1992 S.C. Acts 160 (emphasis added). The primary rule of statutory construction is to ascertain and effectuate the intent of the Legislature. *Spartanburg County D.S.S. v. Little,* — S.C. —, 420 S.E. (2d) 499 (1992); *Burns v.*

*State Farm Mutual Automobile Ins. Co.,* 297 S.C. 520, 377 S.E. (2d) 569 (1989).

The language of the statue itself supports the plaintiffs' assertion that the Board acted outside its authority. The words used in a statute must be given their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand the statute's operation. *Hitachi Data Systems Corp. v. Leatherman,* — S.C. —, 420 S.E. (2d) 843 (1992); *Burns v. State Farm Mutual Automobile Ins. Co., supra.* In interpreting a statute, the terms must be construed in context and their meaning determined by looking at the other terms used in the statute. *Southern Mutual Church Ins. Co. v. S.C. Windstorm & Hail Underwriting Ass'n,* — S.C. —, 412 S.E. (2d) 377 (1991). A provision should be given a reasonable and practical construction consistent with the purpose and policy of the Act. *Gardner v. Biggart,* — S.C. —, 417 S.E. (2d) 858 (1992); *Laurens County School Districts 55 and 56 v. Cox,* — S.C. —, 417 S.E. (2d) 560 (1992).

In reading the phrase declaring all appropriations "to be maximum, conditional and proportionate" in conjunction with the phrase that all reductions "be applied as uniformly as may be practicable," the legislative intent is apparent. The statute gives the Board the authority to make reductions only across the board based on the total appropriations. To construe this section otherwise would contravene the intent of the Legislature to appropriate funds in the proportions set forth in the Act.

In addition to the clear language of the statute, the actions of the Board itself indicate that it did not believe it had the authority to impose more than across the board proportional cuts. Since the language allowing the Board to reduce appropriations in the event of a revenue shortfall was first included in the appropriations act of 1933,[1] budget cuts made by the Board have been made proportionally.[2] The failure of an administrative agency to exercise a

---

[1] Act No. 420, § 78, 1933 S.C. Acts 652.

[2] Although the Board claims that at least one prior reduction has been based on growth, the evidence to support this allegation is unclear. The minutes of a Board meeting from February 26, 1991 appear to indicate that the Board adopted a plan to reduce the budget based on growth. However, a memorandum sent to all State Agency Heads by the director of the Board on August 26, 1992 states, "The methodology used by the Board to cut the FY 1992-93

power it claims to possess is a significant factor in determining whether the power was actually conferred. *Federal Trade Commission v. Bunte Bros., Inc.*, 312 U.S. 349, 61 S.Ct. 580, 85 L.Ed. 881 (1941).

Further, at a Board meeting held on December 17, 1991, a provision which would allow reductions based on growth of the agencies' budgets over the last three fiscal years was proposed by the Board to be included in the Act. The minutes of that meeting indicate that the members knew such a provision in the Act would be a change in the authority given to them.

■ Where an administrative agency has consistently applied a statute in a particular manner, its construction should not be overturned absent cogent reasons. *S.C. Cable Television Ass'n v. Southern Bell Tel. & Tel. Co.*, — S.C. —, 417 S.E. (2d) 586 (1992); *Emerson Electric Co. v. Wasson*, 287 S.C. 394, 339 S.E. (2d) 118 (1986). It is apparent that the Board previously construed the Act as limiting its authority to making proportionate across the board cuts. The Board's current interpretation is in conflict with the legislative and administrative history of the Act. It appears to be based solely on the effect it would have on the various state agencies and, at best, has been in existence only since February of 1991. Deferring to this interpretation would be inappropriate. *Bowen v. Georgetown University Hospital*, 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed. (2d) 493 (1988).

■ The Legislature has expressed its approval of proportionate across the board cuts by reenacting the provision granting the Board the authority to make reductions each year in the annual appropriations act. *See Grove City College v. Bell*, 465 U.S. 555, 104 S.Ct. 1211, 79 L.Ed. (2d) 516 (1984) (reenactment of a statute with knowledge of the administrative interpretation thereof is a strong indication of legislative approval of the interpretation). In addition, the provision proposed by the Board allowing cuts based on growth was presented to the Legislature during the 1992 session. Although the House adopted the language, the Senate

budget is different from previous cuts administered over the last several years." If the cuts based on growth were made, the Board had to obtain prior legislative approval since the Legislature was in session at the time. The Act provides that, if the Legislature is in session, reductions cannot be ordered without first submitting the proposed reductions to the Legislature. Budget reductions with prior legislative approval are not at issue here.

did not and it was not included in the 1992 Appropriations Act. Act No. 501, 1992 S.C. Acts 160. If the Board's proposal had been adopted, the Board would have been authorized, for the first time, to order budget cuts from the 1992-93 Appropriations Act based on growth. The fact that this type of reduction was explicitly rejected by the Legislature is an indication that it did not intend to give the Board the authority to make reductions based on growth. It is well-established that the Legislature does not intend to enact statutory language that it has earlier discarded in favor of other language. *I.N.S. v. Cardoza-Fonseca,* 408 U.S. 421, 107 S.Ct. 1207, 94 L.Ed. (2d) 434 (1987); *Gulf Oil Corp. v. Copp Paving Co., Inc.,* 419 U.S. 186, 95 S.Ct. 392, 42 L.Ed. (2d) 378 (1974).

Finally, construing the Act to allow the Board to choose any method for reducing the rate of expenditures with the only limitation being that the reductions be as uniform as practicable would violate the separation of powers provision of the State Constitution. S.C. Const. art. I, § 8.

The legislature may not delegate its power to make laws. *State ex rel. McLeod v. McInnis,* 278 S.C. 307, 295 S.E. (2d) 633 (1982); *Bauer v. S.C. State Housing Authority,* 271 S.C. 219, 246 S.E. (2d) 869 (1978). The appropriation of public funds is a legislative function. *State ex rel. McLeod v. McInnis, supra; Gregory v. Rollins,* 230 S.C. 269, 95 S.E. (2d) 487 (1956). A statute which, in effect, gives an administrative body *"an absolute, unregulated, and undefined discretion"* bestows arbitrary powers and is an unlawful delegation of legislative powers. *Bauer,* 271 S.C. at 233, 246 S.E. (2d) at 876.

If the Act is so broad as to allow the Board to apply reductions with the only requirement being that they be applied uniformly, the effect would be to allow the Board to appropriate funds with unbridled discretion. Such an interpretation would make the Act an unlawful delegation of legislative authority. We will not construe the Act to do that which is unconstitutional. *Last v. MSI Construction Co.,* 305 S.C. 349, 409 S.E. (2d) 334 (1991); *Mitchell v. Owens,* 304 S.C. 23, 402 S.E. (2d) 888 (1991) (statutes are presumed to be constitutional and will be construed so as to render them valid).

The clear statutory language, evidence of legislative intent, longstanding administrative interpretation, and required constitutional construction of the Act leave no doubt that the Board exceeded its statutory authority in proposing cuts based on growth. *See Etherton v. Wyatt*, 155 Ind. App. 440, 293 N.E. (2d) 43 (Ind. Ct. App. 1973) (any reductions made by a budget agency of legislative appropriations must be done in conformity with the statutory requirements and upon some reasonable basis to support the action).

In the absence of the statutory and constitutional authority to reduce the rate of expenditure based on growth, either the Board must make the budget cuts across the board proportionately[3] or the Governor must recall the Legislature to deal with budget reductions.

We do not express an opinion as to the reasonableness of any plan to reduce the rate of expenditures. The only issue before this Court is whether the Board has the statutory and constitutional authority to implement the plan it has adopted. Because the Board does not have the authority to reduce the rate of expenditure based on growth, it is enjoined from implementing the budget reduction plan it has adopted.

Injunction issued.

---

[3] The Act itself contains certain categories of exemptions. Additionally, there are other statutory and constitutional limitations on reducing certain items in the Act. Our interpretation of the Act does not affect the ability of the Board to adjust proportional cuts based on these statutory and constitutional exemptions.