23755

The STATE, Respondent v. Johnny Raymond CRIBB, Appellant.

(426 S.E. (2d) 306)

Supreme Court

*L. Morgan Martin* and *George M. Hearn, Jr.,* both of *Hearn, Brittain & Martin,* Conway, *for appellant.*

*Atty. Gen. T. Travis Medlock, Deputy Atty. Gen. Donald J. Zelenka, Asst. Attys. Gen. Harold M. Coombs, Jr.* and *William Edgar Salter, III,* Columbia, and *Sol. Ralph J. Wilson,* Conway, *for respondent.*

Heard Sept. 21, 1992.

Decided Dec. 14, 1992.

HARWELL, Chief Justice:

Appellant Johnny Raymond Cribb (Cribb) was convicted of three counts of felony driving under the influence. He chal-

lenges the convictions by alleging that the trial judge erred in allowing the admission of a blood alcohol test and by failing to charge reckless driving as a lesser included offense of felony DUI. We reverse and remand.

## 1. FACTS

In the early morning hours of August 24, 1990, Cribb drove his car through an intersection against a red signal while exceeding the speed limit. He collided with another vehicle, seriously injuring its three occupants. Cribb left the scene, walked to a nearby pay phone, and called a friend from whose home he had just departed. She met him near the wreck scene and drove him to Georgetown Hospital where he was attended by his personal physician. A sample of blood was drawn for use in diagnosing Cribb's medical condition.

Shortly thereafter, troopers from the Highway Patrol traveled to Georgetown Hospital to continue their investigation. The troopers met with Cribb to discuss the accident, but did not charge him with a crime. At some point, troopers also met with Cribb's physician and asked him to draw a vial of blood to be tested for alcohol by the State Law Enforcement Division (SLED). Rather than drawing a second blood sample, the doctor ordered a blood alcohol test on the sample that had been drawn earlier for diagnostic purposes. Troopers later obtained arrest warrants for Cribb based on the test result.

At trial, Cribb attempted to prohibit introduction of the blood alcohol test result by asserting that the troopers violated the implied consent statute and that the chain of custody was not established. However, the trial judge allowed the State to introduce the test result as evidence of Cribb's alleged intoxication. The trial judge also rejected Cribb's contention that reckless driving is a lesser included offense of felony DUI.

## II. DISCUSSION

### A. *Application of Implied Consent Statute*

Cribb first asserts that the result of the blood alcohol test is inadmissible because police did not comply with the implied consent statute, S.C. Code Ann. § 56-5 2950 (1991). As a threshold matter, we must determine whether the statute applies where, as here, the defendant is not in custody at the

time the chemical test is requested. Section 56-5-2950(a) provides:

> Any person who operates a motor vehicle in this State is considered to have given consent to chemical tests of his breath, blood, or urine for the purpose of determining the presence of alcohol or drugs *if arrested* for any offense arising out of acts alleged to have been committed while the person was operating a motor vehicle under the influence of alcohol, drugs, or a combination of them. Any test must be administered at the direction of a law enforcement officer who has *apprehended* a person for operating a motor vehicle in this State while under the influence of alcohol, drugs, or a combination of them. At the direction of the *arresting* officer. . . . (Emphasis added.)

Cribb contends that section 56-5-2950 is triggered any time a law enforcement officer who is investigating a possible DUI offense requests a chemical analysis. We disagree.

When interpreting a statute, this Court's primary function is to ascertain the intention of the legislature. *Gilstrap v. S.C. Budget and Control Board*, — S.C. —, 423 S.E. (2d) 101 (1992). The Court must give clear and unambiguous statutory terms their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand the statute's operation. *Id.*

In our view, the references to arrest and apprehension, when given their plain and ordinary meaning, indicate that the legislature intended to limit the operation of section 56-5 2950(a) to testing for evidence of driving under the influence after an arrest has been effected.[1] Accordingly, we find that section 56-5-2950(a) is inapplicable to this case because Cribb was not arrested until some time after the blood alcohol test.[2]

---

[1] We note that had Cribb withheld consent to the blood test, he could assert non-arrest as a defense against any attempt to suspend his driver's license. *See* § 56-5-2950(e).

[2] In the absence of a controlling statute, prearrest investigation is governed by the common law of search and seizure. Police may seize highly evanescent evidence without a warrant before effecting an arrest when there is probable cause to make the arrest at the time of the search. *See Cupp v. Murphy*, 412 U.S. 291, 93 S.Ct. 2000, 36 L.Ed. (2d) 900 (1973); *State v. Williams*, 297 S.C. 290, 376 S.E. (2d) 773 (1989). We do not consider whether police action in this case violated Cribb's constitutional rights because Cribb did not raise the issue of lack of probable cause at trial.

## B. *Chain of Custody*

Cribb next asserts that the chain of custody for the blood sample was not established. We agree.

Two nurses attended Cribb upon his admission to the emergency room. One of the nurses testified that the other nurse administered an intravenous solution (IV) to Cribb and that it was customary for blood to be drawn by the person administering the IV. The nurse who administered the IV did not recall drawing blood from Cribb, but assumed that she drew his blood when she started the IV because that was her standard procedure. The lab technician did not know who drew Cribb's blood or how it was transferred to the lab. Neither Cribb's medical records nor the label on the blood sample discloses the person(s) who drew the sample and transported it to the lab.

Where the analyzed substance has passed through several hands, the evidence must not leave it to conjecture as to who had the substance and what was done with it between the taking and the analysis. *Benton v. Pellum*, 232 S.C. 26, 100 S.E. (2d) 534 (1957). The party offering evidence is required to establish, at least as far as practicable, a complete chain of evidence, tracing possession from the time the specimen is taken from the human body to the final analysis. *Id.* at 33, 100 S.E. (2d) at 537. The identity of the persons who have handled the evidence must be established. *See Raino v. Goodyear Tire and Rubber Co.*, — S.C. —, 422 S.E. (2d) 98 (1992).

While the admission of evidence is within the discretion of the trial judge, we have held that it is an abuse of discretion to admit the results of a blood alcohol test where the identity of those who sealed, labeled, and transported the blood sample is not established. *State v. Williams*, 301 S.C. 369, 392 S.E. (2d) 181 (1990). The evidence in the record of this case does not identify those persons who handled the blood from the time it was drawn until the time it was tested. Accordingly, we conclude that the trial judge abused his discretion in admitting the blood alcohol test.

## C. *Lesser Included Offenses*

Cribb finally contends that reckless driving is a lesser included offense of felony DUI, and that the trial judge erred in failing to so charge the jury. We disagree.

A lesser included offense is one that requires no proof beyond that which is required for conviction of the greater offense. *State v. Dobson*, 279 S.C. 551, 309 S.E. (2d) 752 (1983). The greater offense must include all the elements of the lesser. *See State v. Fennell*, 263 S.C. 216, 209 S.E. (2d) 433 (1971).

Felony DUI requires proof of three elements:

1) the actor drives a vehicle while under the influence of alcohol and/or drugs;
2) the actor does an act forbidden by law or neglects a duty imposed by law; and
3) the act or neglect proximately causes great bodily injury or death to another person.

*State v. Grampus*, 288 S.C. 395, 397, 343 S.E. (2d) 26, 27 (1986). *See also* S.C. Code Ann. § 56-5-2945 (1991). Clearly, recklessness is not required to support a conviction for felony DUI. However, we have held that involuntary manslaughter[3] and reckless homicide,[4] which require proof of recklessness, are lesser included offenses of felony DUI. *State v. King*, 289 S.C. 371, 346 S.E. (2d) 323 (1986). Cribb argues that implicit in *King* is a finding that recklessness is an element of felony DUI. Thus, according to Cribb, because involuntary manslaughter, reckless homicide, and reckless driving[5] share the common element of recklessness, reckless driving also must be a lesser included offense of felony DUI.

Our decision to include involuntary manslaughter and reckless homicide as lesser included offenses of felony DUI was made as a matter of policy. *Id.* at 372, 346 S.E. (2d) at 323. However, because one can construe *King* to hold that recklessness is an element of felony DUI, it directly

---

[3] A person must commit criminal negligence, defined as reckless disregard of the safety of others, to be guilty of involuntary manslaughter. S.C. Code Ann. § 16-3-60 (1985). Recklessness implies the doing of a negligent act knowingly. *State v. Rachels*, 218 S.C. 1, 8, 61 S.E. (2d) 249, 252 (1950).

[4] "When the death of any person ensues within one year as a proximate result of injury received by the driving of any vehicle in reckless disregard of the safety of others, the person so operating such vehicle shall be guilty of reckless homicide." S.C. Code Ann. § 56-5-2910 (1991).

[5] "A person who drives a vehicle in such a manner as to indicate either a willful or wanton disregard for the safety of persons or property is guilty of reckless driving." S.C. Code Ann. § 56-5-2920 (1991).

conflicts with the clear and unambiguous language of section 56-5-2945. Accordingly, we overrule *King* and hold that reckless homicide and involuntary manslaughter are not lesser included offenses of felony DUI.

Turning to the issue before us, we find that felony DUI, the greater offense, does not contain all the elements of reckless driving, the lesser offense. *Compare* 56-5-2945 (felony DUI) and *Grampus* (elements of felony DUI) *with* 56-5-2920 (reckless driving). Therefore, we hold that reckless driving is not a lesser included offense of felony DUI, and we affirm the trial judge's refusal of Cribb's requested charge.

In conclusion, we find that the trial judge was correct in ruling that section 56-5-2950 is inapplicable to pre-arrest DUI investigations and that reckless driving is not a lesser included offense of felony DUI. However, the trial judge abused his discretion in admitting the blood alcohol test into evidence because the chain of custody for the blood sample was not established. Therefore, the conviction is reversed and the case remanded for a new trial.

Reversed and remanded.

CHANDLER, FINNEY and MOORE, JJ., concur.

TOAL, J., dissents in separate opinion.

TOAL, Justice, dissenting:

I respectfully dissent.

While I concur in part with the majority's opinion, I disagree with the majority's analysis of the chain of custody. The majority mechanically applies *State v. Williams*, 301 S.C. 369, 392 S.E. (2d) 181 (1990), without regard to the facts of this case. To provide consistency with our earlier decisions, I would accord a far greater deference to the trial judge's decision to admit the evidence. I would, therefore, affirm.

Ordinarily the trial court has discretion to allow evidence in or to exclude it. Until today, this evidentiary discretion would not be disturbed unless there was an abuse of discretion, or a legal error, which prejudiced the appellant. *State v. Gregory*, 198 S.C. 98, 16 S.E. (2d) 532 (1941); *See also State v. Sosebee*, 284 S.C. 411, 326 S.E. (2d) 654 (1985); *State v. Sullivan*, 277 S.C. 35, 282 S.E. (2d) 838 (1981). This rule is now in doubt be-

cause the majority would reverse on an evidentiary issue, where the record shows that there was no abuse of discretion, or any error of law, which prejudiced the appellant.

The facts of this case are specific and can be distinguished from the facts in *State v. Williams*, 301 S.C. 369, 392 S.E. (2d ) 181 (1990). In *Williams*, the blood was taken on a busy night in a major metropolitan trauma center, and a question existed as to the identification of the sample's donor. In the present case, only one blood sample was drawn the entire evening, and there was little question that it did belong to the appellant. The facts show that the testing was done at Georgetown Memorial Hospital, where the sample was taken, without being sent to any outside testing facility, and that there was no misidentification of the sample. The majority relies solely on the lack of testimony about which person marked the sample, not that there was any error as to the sample's origin. There can be no question that an outline of the underlying facts in both cases clearly distinguish the two.

Once *State v. Williams* is distinguished, then it becomes necessary to examine the chain of custody under a "practicable" test. This test requires that a complete chain of custody be established "at least as far as practicable." *State v. Williams*, 297 S.C. 290, 293, 376 S.E. (2d) 773, 774 (1989); *State v. Kahan*, 268 S.C. 240, 233 S.E. (2d) 293 (1977); *State v. Pollard*, 261 S.C. 389, 200 S.E. (2d) 233 (1973); *Benton v. Pellum*, 232 S.C. 26, 100 S.E. (2d) 534 (1957).

Interestingly enough, we dealt with the reverse issue in a very recent decision. In *Raino v. Goodyear Tire and Rubber Co.*, — S.C. —, 422 S.E. (2d) 98 (1992), this Court held that a judge's exclusion of evidence, based on a chain of custody similar to the one presented here, was within his sound discretion. The only real distinction with *Raino* and the case at bar is that here the trial judge chose to admit the evidence.

The facts of this case clearly support the judge's decision to admit the blood alcohol evidence. There was evidence in the record which, when considered against the "practicable" test, established the State went as far as they could to establish the chain of custody. The judge exercised his discretion and the record supports his decision. For these reasons, I must respectfully dissent, and would affirm the trial judge consistent with our decision in *Raino*.