## 2443

The STATE, Respondent v. Charlie S. SMITH, Appellant.

(467 S.E. (2d) 110)

Court of Appeals

*Robert T. Williams, Sr., Williams & Brink,* Lexington, *for appellant.*

*Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorneys General Rakale B. Smith* and *Caroline Callison Tiffin,* Columbia; and *Solicitor Donald V. Myers,* Lexington, *for respondent.*

Heard Dec. 6, 1995.

Filed Jan. 8, 1996; Reh. Den. Feb. 22, 1996.

HEARN, Judge:

Charlie S. Smith appeals his conviction for driving under the influence (DUI). We reverse based upon the chain of custody of the blood sample introduced into evidence.

## I.

Smith argues the trial judge erred in admitting blood analysis evidence where subsequent actions by law enforcement personnel negated any reasonable assistance provided to Smith in obtaining his own blood sample. We disagree.

After Smith was arrested for DUI he refused to submit to a breathalyzer test. Smith requested a blood test and the arresting officer, Trooper Bullard, transported him to the Lexington County Medical Center where two vials of blood were drawn. Both vials were given to Bullard who then transported Smith back to the Lexington County Detention Center for booking. Bullard stated he gave the booking officer Smith's vial which was marked with Smith's name. Smith was standing next to Bullard when this was done. The booking form which lists property of an inmate, however, did not list the vial of blood.

Smith and his wife testified that after Smith was released from jail, they attempted to retrieve his vial of blood. They claimed they called the Detention Center, Lexington County Medical Center, the Highway Department, and SLED, but no

one could locate the sample. In fact, the vial had been kept in a refrigerator at the Detention Center from the date Smith was booked. After one year and two months, the sample was deemed no longer valid for an alcohol content test and was subsequently destroyed.

Under the implied consent statute, S.C. Code Ann. § 56-5-2950 (Supp. 1994), any person who operates a motor vehicle in this State gives implied consent to chemical tests of his or her breath, blood, or urine for purposes of determining the presence of alcohol or drugs if the person is arrested for an offense arising from acts alleged to have been committed while under the influence of alcohol, drugs, or a combination of them. The statute provides further:

> The person tested or giving samples for testing may have a qualified person of his own choosing conduct additional tests at his expense and must be notified of that right. . . . The failure or inability of the person tested to obtain additional tests does not preclude the admission of evidence relating to the tests or samples taken at the direction of the law enforcement officer.
>
> The arresting officer shall provide reasonable assistance to the person to contact a qualified person to conduct additional tests.

Under this statute, an officer does not have a duty to affirmatively assist persons in obtaining any independent tests when the accused refuses the breathalyzer test. *State v. Lewis*, 266 S.C. 45, 221 S.E. (2d) 524 (1976). *Lewis* only requires a reasonable opportunity to obtain an independent blood test be afforded a person who refuses a breathalyzer test. *State v. Sullivan*, 310 S.C. 311, 426 S.E. (2d) 766 (1993); *State v. Degnan*, 305 S.C. 369, 409 S.E. (2d) 346 (1991).

In this case, Smith was not entitled to reasonable assistance in obtaining his own blood sample since he refused to submit to a breathalyzer test. Rather, law enforcement only had to provide Smith with a reasonable opportunity to obtain a blood test without affirmative assistance. The officers undertook, however, to provide affirmative assistance even though this was not required.

We agree with the trial judge that this issue is controlled by *State v. Wickenhauser*, 309 S.C. 377, 423 S.E. (2d) 344 (1992).

Wickenhauser was arrested for DUI and a breath test was administered. Wickenhauser requested an independent blood test, and was taken to Lexington Medical Center. Blood samples were drawn, and Wickenhauser received one vial of blood. The officer took possession of the second vial and transported Wickenhauser back to jail. Wickenhauser was booked at the jail and relinquished custody of his personal belongings to the jailer. The itemized receipt for his personal effects did not contain any reference to the vial of blood.

Wickenhauser was released the next day and received his personal items, which did not include the vial of blood. Wickenhauser signed a receipt and left without inquiring about the blood sample. When he went back to the jail two days later seeking the vial, Wickenhauser was advised by jail personnel they had no record of receiving a blood sample from him and were unable to locate such a vial.

At trial, Wickenhauser moved to suppress the results of his breathalyzer and blood tests on the ground he was not reasonably assisted in obtaining an independent blood test as provided in the implied consent statute. The trial court denied the motion and, following his conviction, Wickenhauser appealed.

The supreme court held that under *State v. Pipkin*, 294 S.C. 336, 364 S.E. (2d) 464 (1988), failure to provide reasonable assistance under the implied consent statute requires a suppression of both the breathalyzer and the blood test results. The court noted Wickenhauser underwent an independent blood alcohol test in compliance with the statute and took custody of a blood sample. The court concluded Wickenhauser received aid sufficient to constitute reasonable assistance under § 56-5-2950(a), and added: "Whether this assistance was subsequently negated by the acts of the law enforcement personal (sic) presented an issue of fact for the determination of the jury." *State v. Wickenhauser*, 309 S.C. at 379, 423 S.E. (2d) at 346. Accordingly, the supreme court affirmed the trial court's admission of the breath and blood tests into evidence.

Although Smith never actually received physical custody of his sample, he was present when Trooper Bullard gave the sample to the jailer for safekeeping. When he left the jail, Smith did not inquire about his sample and did not return to the jail later to try and obtain his sample. We think Smith had the burden to inform jail personnel that his sample was

turned over to the jailer the night before and to inquire about retrieving the sample. We conclude under the facts of this case Smith received aid sufficient to constitute reasonable assistance under § 56-5-2950(a) and that the trial judge did not err in refusing to suppress the blood alcohol evidence.[1]

## II.

Smith next argues the trial judge erred in admitting the results of Smith's blood analysis and in denying Smith's motions for mistrial where the chain of custody for the blood which was tested was incomplete or not in accordance with S.C. Code Ann. § 56-5-2950(a) (1991). We agree.

The party offering evidence must trace possession of the substance and what was done with it from the time it was taken until final analysis. *State v. Singleton*, 319 S.C. 312, 460 S.E. (2d) 573 (1995). "Proof of chain of custody need not negate all possibility of tampering but must establish a complete chain of evidence, *as far as practicable.*" *State v. Priester*, 301 S.C. 165, 166, 391 S.E. (2d) 227, 228 (1990) (emphasis by the Court); *accord State v. Williams (Michael)*, 301 S.C. 369, 392 S.E. (2d) 181 (1990); *State v. Williams (David)*, 297 S.C. 290, 376 S.E. (2d) 773 (1989). The admission of evidence establishing the chain of custody is within the trial judge's discretion. *State v. Williams (David)*.

A party offering blood alcohol test results is required to establish, at least as far as practicable, a complete chain of evidence, tracing possession of the specimen from the time it is taken from the human body to the final custodian by whom it is analyzed. *Raino v. Goodyear Tire and Rubber Co.*, 309 S.C. 255, 422 S.E. (2d) 98 (1992); *State v. Cribb*, 310 S.C. 518, 426 S.E. (2d) 306 (1992). Where the substance analyzed has passed through several hands the evidence must not leave it to conjecture as to who had it and what was done with it between the taking and the analysis. *Raino v. Goodyear Tire and Rubber Co.; State v. Cribb*. It is an abuse of discretion to admit results of a blood alcohol test where the identity of those who sealed, labeled, and transported the blood sample is

---

[1] Although we find that reasonable assistance was given, we note it would have been preferable for jail personnel to list the blood sample on the inventory of Smith's personal property so that when he was released, personnel would have been alerted to the existence of the sample.

not established. *Raino v. Goodyear Tire and Rubber Co.; State v. Cribb; State v. Williams (Michael).*

Smith objects to the chain of custody of the blood sample introduced into evidence in several particulars.

While other aspects of the chain are troubling, the basis for our reversal is Trooper Bullard's handling of the sample after it came into his possession.

After receiving the samples from hospital personnel, Bullard took both vials back to the Sheriff's Department, and gave Smith's vial to the jailer. While Bullard was booking Smith into jail he kept his sample in his possession sealed in an inventory bag he had in his patrol car. Bullard had the next two days off so he took the sample home and placed the sample in the bottom of his refrigerator, in the "crisper." On May 11, 1993, Bullard returned to work and took the sample to SLED, still sealed in the evidence bag.

On cross-examination, Bullard stated his wife used the refrigerator at home, but "did not mess with the blood." Bullard did not testify only his wife had access to his refrigerator during this period, or that he took steps to further secure the sample beyond putting it in an evidence bag.

We agree with Smith that this two-day period during which the sample was placed in an unsecured refrigerator rendered the chain defective. The record is silent as to whether Bullard and his wife had children who used the refrigerator and whether others, such as neighbors and friends, had access to it during this time frame. Despite Bullard's testimony that the bag was not tampered with, this court cannot approve a chain of custody where evidence was maintained under such uncontrolled conditions.

We recognize that the admission of evidence is within the discretion of the trial judge; nevertheless, it is an abuse of discretion to admit the results of a blood alcohol test where the chain of custody is incomplete. "Where the analyzed substance has passed through several hands, the evidence must not leave it to conjecture as to who had the substance and what was done with it between the taking and the analysis." *State v. Cribb*, 310 S.C. 518, 522, 426 S.E. (2d) 306, 309 (1992), *citing Benton v. Pellum*, 232 S.C. 26, 100 S.E. (2d) 534 (1957).

Therefore, the conviction is reversed and the case remanded for a new trial.

Reversed and remanded.

SHAW and CONNOR, JJ., concur.