THIS OPINION HAS NO PRECEDENTIAL VALUE. 
 IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS
 PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 Tony A.
 Peterson, Petitioner,
 v.
 State of South Carolina, Respondent.
 
 
 

Appeal From Greenville County
 Larry R. Patterson, Circuit Court Judge
Memorandum Opinion No. 2008-MO-023
Submitted April 16, 2008  Filed May 12,
 2008   
AFFIRMED

 
 
 
 Deputy
 Chief Appellate Defender Wanda H. Carter, of South Carolina Commission on
 Indigent Defense, Division of Appellate Defense, of Columbia, for Petitioner.
 Attorney
 General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant
 Deputy Attorney General Salley W. Elliott, Assistant Attorney General Karen
 Ratigan, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Following
 a post-conviction relief (PCR) hearing, we granted petitioner a belated direct
 appeal pursuant to White v. State, 263 S.C. 110, 208 S.E.2d 35 (1974). 
 We affirm pursuant to Rule 220(b)(1), SCACR, and the following authority: Issue
 1- State v. Weston, 367 S.C. 279, 292-93, 625 S.E.2d 641, 648 (2006)
 (case should be submitted to the jury if there is any direct evidence or any
 substantial circumstantial evidence that reasonably tends to prove the guilt of
 the accused or from which guilt may be fairly and logically deduced; trial
 court is concerned only with the existence or nonexistence of evidence, not its
 weight); Issue 2- State v. Freiburger, 366 S.C. 125, 620 S.E.2d 737
 (2005) (warrantless search is permissible incident to a lawful arrest because
 of legitimate concerns for the safety of the officer and to prevent the
 destruction of evidence); Issue 3- State v. Saltz, 346 S.C. 114, 136,
 551 S.E.2d 240, 252 (2001) (court must look to totality of circumstances to
 determine if statement was knowingly, intelligibly, and voluntarily made);
 Issue 4- State v. Ivey, 331 S.C. 118, 123, 502 S.E.2d 92, 94 (1998)
 (jurors competence is within the trial courts discretion and is not
 reviewable on appeal unless wholly unsupported by the evidence); Issue 5- State
 v. Williams, 297 S.C. 290, 376 S.E.2d 773 (1989) (party offering drugs into
 evidence must establish a chain of custody as far as practicable); Issue 6- State
 v. Gaster, 349 S.C. 545, 564 S.E.2d 87 (2002) (exclusion of evidence is a
 matter addressed to the sound discretion of the trial court, and will not be
 disturbed in the absence of a manifest abuse of discretion accompanied by
 probable prejudice).  
AFFIRMED.  
TOAL,
 C.J., MOORE, WALLER, PLEICONES and BEATTY, JJ., concur.