**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Veronica Denise Chandler and Monroe Holmes,
Defendants,

Of Whom Veronica Denise Chandler is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2014-002777

---

Appeal From Horry County
Monét S. Pincus, Family Court Judge

---

Unpublished Opinion No. 2016-UP-166
Submitted March 24, 2016 – Filed April 1, 2016

---

**REVERSED AND REMANDED**

---

Kerry Kathleen Jardine, of South Carolina Legal Services, of Conway, for Appellant.

Ernest Joseph Jarrett, of Jenkinson Jarrett & Kellahan, PA, of Kingstree, for Respondent.

Ian Andrew Taylor, of The Taylor Law Office L.L.C., of Pawleys Island, for the Guardian ad Litem.

**PER CURIAM:**  Veronica Denise Chandler (Mother) appeals the family court's termination of her parental rights to her two minor children (collectively, Children).  Mother argues the family court erred by (1) admitting evidence of two positive drug-test results, (2) finding the South Carolina Department of Social Services (DSS) presented clear and convincing evidence of four statutory grounds for termination of parental rights (TPR), and (3) finding TPR was in Children's best interest.  We reverse and remand.

"In appeals from the family court, this [c]ourt reviews factual and legal issues de novo."  *Crossland v. Crossland*, 408 S.C. 443, 451, 759 S.E.2d 419, 423 (2014).  "However, this broad standard of review does not require the appellate court to disregard the factual findings of the family court or ignore the fact that the family court is in the better position to assess the credibility of the witnesses."  *Holmes v. Holmes*, 399 S.C. 499, 504, 732 S.E.2d 213, 216 (Ct. App. 2012).  The appellant bears the burden of convincing this court the family court erred in its findings.  *Id.* at 385, 709 S.E.2d at 652.

We find the family court erred in admitting the positive drug-test results.  DSS failed to submit evidence that sufficiently established the chain of custody of hair-follicle samples taken from Mother to perform the drug tests.  *See S.C. Dep't of Soc. Servs. v. Cochran* (*Cochran I*), 356 S.C. 413, 418, 589 S.E.2d 753, 755-56 (2003) ("DSS has the burden to establish a chain of custody for the . . . samples 'as far as practicable.'" (quoting *State v. Williams*, 297 S.C. 290, 293, 376 S.E.2d 773, 774 (1989))).  Daniel Lewis, owner of ARCpoint Laboratories, testified generally as to how ARCpoint obtained hair samples, sent samples to separate testing facilities, and retrieved test results from the separate facilities.  However, Lewis did not testify as to who at ARCpoint obtained the samples, who handled the samples, or how the samples were processed.  Therefore, DSS failed to authenticate key evidence of Mother's continued drug use.  *See id.* at 418, 589 S.E.2d at 756 (requiring DSS "to establish, at least as far as practicable, a complete chain of evidence, tracing possession from the time the specimen is taken from the human body to the final custodian by whom it is analyzed" (quoting *Benton v. Pellum*, 232 S.C. 26, 33, 100 S.E.2d 534, 537 (1957))); *id.* at 418-19, 589 S.E.2d at 756 ("Whe[n] the substance analyzed has passed through several hands the evidence must not leave it to conjecture as to who had it and what was done with it between the taking and the analysis." (quoting *Benton*, 232 S.C. at 33-34, 100

S.E.2d at 537)); *cf. S.C. Dep't of Soc. Servs. v. Cochran* (*Cochran II*), 364 S.C. 621, 630, 614 S.E.2d 642, 646-47 (2005) (concluding DSS "sustained its burden of establishing the chain of custody" when DSS presented testimony the blood samples to be tested were secured when collected, the samples arrived at the testing facility sealed and intact, and from each person involved in the actual testing as to their handling of the samples and the chain of custody).

Because the family court terminated Mother's parental rights based on her continued drug use and DSS did not establish the chain of custody for Mother's positive drug tests, we reverse the termination of Mother's parental rights and remand this matter to the family court "with leave to open the record to receive any other evidence pertinent to a determination as to whether [M]other has overcome her drug addiction and to give DSS the opportunity to present a proper chain of custody." *Cochran I*, 356 S.C. at 419, 589 S.E.2d at 756.

**REVERSED AND REMANDED.**[1]

**HUFF, A.C.J., and KONDUROS and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.