482 S.E.2d 777

The STATE, Petitioner,

v.

Charlie S. SMITH, Respondent.

No. 24588.

Supreme Court of South Carolina.

Heard Jan. 21, 1997.
Decided March 10, 1997.
Rehearing Denied April 2, 1997.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Caroline Callison Tiffin, all of Columbia; and Solicitor Donald V. Myers, of Lexington, for petitioner.

Robert T. Williams, Sr., of Williams & Brink, of Lexington, for respondent.

MOORE, Justice:

We granted the State's petition for a writ of certiorari to review the Court of Appeals' decision in *State v. Smith*, 321 S.C. 13, 467 S.E.2d 110 (Ct.App.1996). We reverse.

## FACTS

Respondent Charlie E. Smith was convicted of driving under the influence (DUI), third offense. He was arrested near Leesville in May 1993 by Trooper Mark Bullard. He was transported to the Batesburg Police Department where he refused the breathalyzer and requested a blood alcohol test. Trooper Bullard transported him to Lexington Medical Center where two vials of blood were drawn. Trooper Bullard then took respondent to the Lexington County Detention Center where respondent was booked and one of the vials was given to the inventory clerk.[1] Trooper Bullard took the other vial home with him and placed it in his refrigerator. Two days later, Trooper Bullard took the vial to SLED for testing. The test result showed a blood alcohol content of .149%. Respondent appealed the introduction of the blood alcohol tests results. The Court of Appeals reversed respondent's conviction and sentence on the basis that the chain of custody was insufficient and the blood alcohol test results should not have been admitted.

## ISSUE

Did the Court of Appeals err in finding the chain of evidence was insufficient?

---

1. Respondent never retrieved this vial from the inventory clerk and it was subsequently destroyed over a year later on July 20, 1994.

### DISCUSSION

The State contends the Court of Appeals erred by holding the chain of custody was insufficient. We agree.

■ When moving to admit blood alcohol test results, the State must prove a chain of custody of the blood sample from the time its drawn until it is tested. "Where the substance analyzed has passed through several hands the evidence must not leave it to conjecture as to who had it and what was done with it between the taking and analysis." *Benton v. Pellum*, 232 S.C. 26, 32, 100 S.E.2d 534, 537 (1957). However, the proof of the chain of custody need not negate all possibility of tampering but must establish a chain as far as practicable. *State v. Williams*, 297 S.C. 290, 376 S.E.2d 773 (1989).

The Court of Appeals specifically held "the basis for our reversal is Trooper Bullard's handling of the sample after it came into his possession." There is no evidence in the record that the sample was tampered with in any manner. To the contrary, Trooper Bullard testified when he submitted the sample to SLED for testing, it was in the same condition as when he received it.

This case is similar to *State v. Kahan*, 268 S.C. 240, 233 S.E.2d 293 (1977). In *Kahan*, we held testimony as to the care and handling of a piece of evidence kept in an evidence locker was unnecessary to establish a sufficient chain of custody and went only to the weight of the evidence. The persons who had handled the evidence testified and established a sufficient chain. *See also State v. Priester*, 301 S.C. 165, 391 S.E.2d 227 (1990) (chain sufficient where each person who handled blood samples testified).

■ Similarly here, each person who handled the blood samples testified at trial: the medical technologist who drew the blood, Michelle Wassinich;[2] Trooper Bullard who received the samples from Wassinich; and the SLED chemist, Demi Jones, who tested the sample after receiving it from Trooper Bullard. The fact that the vial was stored in Trooper Bullard's refrigerator was before the jury. We hold the storage

---

**2.** Although Wassinich testified she could not remember actually drawing the blood sample, she did identify her signature on the forms filled out when the blood was drawn.

of the blood sample in Trooper Bullard's home goes to the weight of the evidence not its admissibility. Although we do not condone the storing of key evidence in the arresting officer's home, in this case the chain was sufficient and the Court of Appeals erred in reversing.

**REVERSED.**

TOAL, Acting C.J., WALLER and BURNETT, JJ., and JOSEPH A. WILSON, II, Acting Associate Justice, concur.