584 S.E.2d 401

**The STATE, Respondent,**

v.

**Christopher M. CHISOLM, Appellant.**

**No. 3649.**

Court of Appeals of South Carolina.

Heard March 12, 2003.

Decided June 2, 2003.

Rehearing Denied Aug. 21, 2003.

Assistant Appellate Defender Tara S. Taggart of SC Office of Appellate Defense, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster; Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson; Assistant Attorney General Melody J. Brown, all of Columbia; and Solicitor Thomas E. Pope, of York, for Respondent.

MOREHEAD, Acting Judge:

Christopher M. Chisolm appeals his convictions for distribution of crack cocaine and distribution of crack cocaine within the proximity of a school. Chisolm argues the trial court erred: (1) in failing to suppress drug evidence; and (2) in denying his motion for a directed verdict on the proximity charge. We affirm in part, reverse in part, and remand.

## FACTS

Rosie Jones purchased crack cocaine from Chisolm while acting as a confidential informant for the York County Multi-Jurisdictional Drug Enforcement Unit (DEU), a division of the Rock Hill Police Department.

On May 9, 2000, Jones paged Chisolm from the Rock Hill Police Department to arrange the drug buy. Chisolm called back and agreed to meet Jones in a motel parking lot. An officer searched Jones prior to the drug transaction and fitted her with a wire. Jones purchased drugs from Chisolm at the motel and returned to the police department.

Jones handed seven small plastic baggies containing a rock-like substance over to Officer Dalton. Dalton placed the baggies into a York County Sheriff's Office evidence bag and sealed it. Dalton placed his initials and date over the seal before placing the evidence bag into a locked metal drop box in the police station.

Dates and signatures on the evidence bag's "Chain of Possession of Evidence" indicate Gary Rollins, a York County Sheriff's Office evidence technician, retrieved the bag from the Rock Hill Police Department drop locker on May 10, 2000. The next notation on the bag indicates the evidence bag was transferred from Rene Sealy, also an evidence technician, to Cynthia Taylor on June 15, 2000. There is nothing on the bag or in the record to indicate how long Rollins possessed the bag, in what condition he received it, or where it was stored. Likewise, there is no indication of when or how Sealy came into possession of the evidence or in what condition she received it. Neither Rollins nor Sealy testified at trial.

Cynthia Taylor is an employee of the Sheriff's Office Drug Analysis Laboratory. Taylor did not begin working for the laboratory until May 29, 2000. Taylor testified that the evidence "stayed down in the evidence vault [in the Sheriff's Office]" until June 15, 2000. Taylor tested the substance inside the evidence bag and it tested positive for crack cocaine. Before testing the substance, Taylor inspected the bag for evidence of tampering, making sure it was sealed and had no openings.

At trial, Chisolm objected to the introduction of the evidence bag containing the crack cocaine. Chisolm argued the chain of custody had not been established. The trial court overruled the objection and admitted the drugs into evidence.

To prove the proximity charge Officer Dalton testified the sale of crack cocaine took place within one-half mile of the York County Adult Education Center. Dalton identified the Center as a public school. The State introduced a map depicting the Center within one-half mile of the motel where Chisolm sold the crack cocaine. Dalton generated the map by using a mapping program in the City Hall's Planning Division office that highlights any schools or parks within the Rock Hill city limits.

At the close of the State's case, Chisolm moved for a directed verdict on the proximity charge, arguing the State failed to present evidence of a transaction that occurred within one-half mile of a school. The trial court denied the motion, finding there was evidence in the record by which the jury

could conclude the transaction occurred within one-half mile of a school.

The jury found Chisolm guilty on both charges. The trial court sentenced Chisolm to twelve-year concurrent sentences on each count. This appeal follows.

## ISSUES

I.  Did the trial court err in admitting the crack cocaine into evidence?

II. Did the trial court err in denying Chisolm's motion for a directed verdict concerning whether the distribution of crack cocaine occurred within one-half mile of a school?

## LAW/ANALYSIS

### I.  Chain of Custody

■ Chisolm argues the trial judge erred in admitting the crack cocaine into evidence because the State failed to prove a sufficient chain of custody. Chisolm contends the chain of custody is incomplete and has not been established pursuant to Rule 6(b), SCRCrimP.

■ A complete chain of evidence, tracing possession from the evidence's initial control to its final analysis, must be established as far as practicable. *State v. Carter*, 344 S.C. 419, 544 S.E.2d 835 (2001). A missing link in a chain of custody creates an issue of admissibility. *Id.* If a substance has passed through multiple custodians, it must not be left to conjecture concerning who had the evidence and what was done with it between the taking and the analysis. *State v. Joseph*, 328 S.C. 352, 491 S.E.2d 275 (Ct.App.1997).

The State presented the testimony of the first (Dalton) and last (Taylor) links in the chain of custody. However, the State did not provide testimony from either of the intervening links (Rollins and Sealy) in the chain. Rollins received the evidence on May 10, 2000, from the Rock Hill drop locker but the record does not indicate when or how Sealy came into possession of the evidence. Taylor's testimony, while it explained her receipt of the evidence from Sealy, did not provide for the whereabouts of the evidence for the interval Rollins or Sealy possessed it. Moreover, Taylor had not started her employ-

ment with the laboratory at the time Rollins received the evidence and could not explain what Rollins had done with the evidence.

As an alternative to presenting the testimony of the intervening custodians, the State could have utilized Rule 6(b), SCRCrimP, to establish the chain of custody. *See Joseph*, 328 S.C. at 364, 491 S.E.2d at 281 (stating Rule 6 does not supplant the general law governing chain of custody requirements but provides an alternate means of establishing a chain of custody). This rule allows for the admission of sworn statements in lieu of the appearance of chain of custody witnesses and provides that:

> a certified or sworn statement signed by each successive person having custody of the evidence that he or she delivered it to the person stated is evidence that the person had custody and made delivery as stated without the necessity of the person who signed the statement being present in court provided: (1) the statement contains a sufficient description of the substance or its container to distinguish it; and (2) the statement says the substance was delivered in substantially the same condition as when received.

Rule 6(b), SCRCrimP.

There is no dispute that the State did not submit the testimony of each individual who handled the evidence nor did the State comply with Rule 6(b). The trial court, however, allowed the introduction of the evidence despite the missing links in the chain because the State demonstrated that the evidence had not been tampered with by the time Taylor received it for analysis. This was error. The only insight into the handling of the evidence by Rollins and Sealy is their possession of the bag at some point in time as witnessed by their signatures. The evidence's whereabouts is unaccounted for between May 10 and June 15. While the chain of custody "need not negate all possibility of tampering," the State is required to show that the chain is complete. *Carter*, 344 S.C. at 424, 544 S.E.2d at 837. Moreover, it would not have been impracticable for the State to have called each custodian to testify or for the State to have submitted sworn statements from the custodians under the procedures of Rule 6(b), SCRCrimP. *See State v. Cribb*, 310 S.C. 518, 426 S.E.2d 306

(1992) (stating the party offering evidence is required to establish, at least as far as practicable, a complete chain of evidence). Custodial signatures on an evidence bag fail to establish an adequate chain of custody where the custodians do not provide testimony under oath or produce sworn statements pursuant to Rule 6(b), SCRCrimP. Thus, the trial court erred in admitting the crack cocaine into evidence.

## II.  Directed Verdict

Chisolm argues the trial court erred in denying his motion for a directed verdict based on the lack of competent evidence showing he distributed crack cocaine within one-half mile of a school.[1]

In reviewing an appeal from the denial of a motion for directed verdict, this Court must view the evidence in a light most favorable to the State. *State v. Burdette*, 335 S.C. 34, 515 S.E.2d 525 (1999). "If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find that the case was properly submitted to the jury." *State v. McGowan*, 347 S.C. 618, 622, 557 S.E.2d 657, 659 (2001). A defendant is entitled to a directed verdict when the State fails to produce evidence of the offense charged. *State v. McHoney*, 344 S.C. 85, 544 S.E.2d 30 (2001).

Initially, the State argues Chisolm failed to preserve this issue for appeal. The State contends Chisolm moved for a directed verdict on different grounds from the one now raised on appeal. *See State v. Bailey*, 298 S.C. 1, 377 S.E.2d 581 (1989) (stating a party cannot argue one ground at trial and a different ground on appeal). The record clearly shows Chisolm based his motion for directed verdict on the lack of any

---

**1.**  Chisolm also argues the trial judge should have granted his motion for a new trial. However, Chisolm did not move for a new trial but rather improperly moved for JNOV. JNOV is a civil trial motion. In a criminal trial, a motion for a new trial is the only available post-trial motion for addressing the sufficiency of the evidence. *See State v. Miller*, 287 S.C. 280, 282 n. 2, 337 S.E.2d 883, 884 n. 2 (1985) (discussing the confusion among members of the bench and bar in inaccurately describing post-trial motions in criminal cases). Therefore, Chisolm was not entitled to JNOV.

competent evidence showing the drug deal occurred within one-half mile of a school.

To prove Chisolm sold drugs within one-half mile of a school under section 44–53–445, the State must show the distribution occurred "within a one-half mile radius of the grounds of a public or private elementary, middle, or secondary school; a public playground or park; a public vocational or trade school or technical educational center; or a public or private college or university." S.C. Code Ann. § 44–53–445 (2002); *see Brown v. State,* 343 S.C. 342, 348, 540 S.E.2d 846, 849 (2001) (stating "the distribution [must occur] within a one-half mile radius of the grounds of an elementary, middle, secondary or vocational school; public playground or park; or college or university").

To carry its burden of proof, the State introduced a map depicting an "Adult Education Center" within a one-half mile radius of the location where the sale of drugs took place. Further, Officer Dalton stated that the York County Adult Education Center, a public school, was within one-half mile of the motel.

Chisolm argues that under *Brown* the State must present evidence that the Center fits within one of the categories covered by section 44–53–445. In *Brown,* our Supreme Court found the trial court lacked subject matter jurisdiction on charges under section 44–53–445 where the indictment alleged distribution of crack cocaine within one-half mile of a day care center. *Brown,* 343 S.C. at 346, 540 S.E.2d at 848. The Court held that a day care center was not intended to be included as an elementary school under the statute. *Id.* at 349, 540 S.E.2d at 850.

This Court is not faced in the present case with an issue of whether an adult education center is intended to fall under the statute's parameters. Here, the State presented sufficient evidence for the jury to determine whether the sale of drugs occurred within one-half mile of one of the types of schools listed in section 44–53–445.

The trial court did not err in denying Chisolm's motion for directed verdict on the charge of distribution of crack cocaine within one-half mile of a school.

## CONCLUSION

We affirm the trial court's denial of Chisolm's directed verdict motion on the proximity of a school charge. We reverse the trial court's admission of the drug evidence and remand for a new trial.

**AFFIRMED IN PART, REVERSED IN PART, and RE-MANDED.**

ANDERSON and HUFF, JJ., concur.