THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT 
 BE CITED OR RELIED ON
AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Anthony Rayfield, Appellant.
 
 
 

Appeal From York County
John W. Kittredge, Circuit Court Judge

Unpublished Opinion No. 2004-UP-485
Submitted September 14, 2004  Filed 
 September 20, 2004

AFFIRMED

 
 
 
Assistant Appellate Defender Eleanor Duffy Cleary, of Columbia, 
 for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, 
 and Assistant Attorney General W. Rutledge Martin, all of Columbia, for Respondents.
 
 
 

 PER CURIAM:  Anthony Rayfield was 
 indicted by the York County Grand Jury for distribution of crack cocaine (third 
 offense) and possession of crack cocaine with intent to distribute.  A 
 jury convicted Rayfield of both charges, and he received two concurrent prison 
 terms of eighteen years each.  Pursuant to Anders v. California, 386 
 U.S. 738 (1967), Rayfields appellate counsel filed an appeal and a petition 
 to be relieved as counsel, arguing in the Anders brief that the trial 
 court erred in consolidating the charges.  This court denied counsels petition 
 to be relieved and ordered the parties to brief the issue of whether, in light 
 of this courts decision in State v. Chisolm, 355 S.C. 175, 584 S.E.2d 
 401 (Ct. App. 2003), the trial court erred in denying Rayfields motion to suppress 
 the crack cocaine evidence based on the ground that the State failed to prove 
 a sufficient chain of custody.  The rebriefing order further noted that the 
 chain of custody was the only issue of colorable merit.
After reviewing the record, briefs of 
 counsel, and applicable case law, we affirm pursuant to Rule 220(b)(2), SCACR, 
 and the following authorities:  State v. Carter, 344 S.C. 419, 424, 544 
 S.E.2d 835, 837 (2001) ([W]here there is a weak link in the chain of custody, 
 as opposed to a missing link, the question is only one of credibility and not 
 admissibility.); State v. Williams, 297 S.C. 290, 293, 376 S.E.2d 773, 
 774 (1989) (holding the chain of custody of the defendants blood sample that 
 was used for a blood alcohol test was sufficiently established through the introduction 
 of an initialed form that complied with hospital protocol and the testing nurses 
 testimony, notwithstanding that the nurse who actually drew the blood did not 
 testify); and State v. Taylor, 360 S.C. 18,25, 27, 598 S.E.2d 735, 737 
 (Ct. App. 2004) (en banc) (holding that [i]f the identity of each person in 
 the chain handling the evidence is established, and the manner of handling is 
 reasonably demonstrated, no abuse of discretion is shown in the admission, absent 
 proof of tampering, bad faith, or ill-motive and overruling Chisolm 
 to the extent that the decision requires the testimony of each person in the 
 chain of custody under all circumstances). [1] 
 AFFIRMED.
 GOOLSBY, ANDERSON, and WILLIAMS, JJ., 
 concur.

 
 
 [1]   Because oral argument would not aid the court in deciding the issue 
 on appeal, we decide this case without oral argument pursuant to Rules 215 
 and 220(b)(2), SCACR.