THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Robert Taft Morris, Jr., Appellant.
 
 
 

Appeal From Colleton County
 Perry M. Buckner, Circuit Court Judge

Unpublished Opinion No. 2005-UP-380
Submitted June 1, 2005  Filed June 13, 2005

AFFIRMED

 
 
 
 Assistant Appellate Defender Eleanor Duffy Cleary, of Columbia, for Appellant.
 Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; and Solicitor Randolph  Murdaugh, III, of Hampton, for Respondent.
 
 
 

PER CURIAM:  Robert Morris appeals his conviction for distribution of cocaine.  He argues the trial court erred in admitting the cocaine into evidence because the state failed to establish the chain of custody.  He also argues the trial court lacked subject matter jurisdiction because the indictment did not allege the elements of the offense.  We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities:  
1.       The trial court did not err in admitting the cocaine into evidence:  State v. Governor,  362 S.C. 609, 608 S.E.2d 474 (Ct. App. 2005) (holding a party offering fungible items into evidence must establish a chain of custody as far as practicable);  State v. Joseph, 328 S.C. 352, 364, 491 S.E.2d 275, 281 (Ct. App. 1997) (stating proof of the chain need not negate all possibility of tampering); State v. Carter, 344 S.C. 419, 424, 544 S.E.2d 835, 837 (2001) (holding evidence is inadmissible "only where there is a missing link in the chain of possession because the identity of those who handled the [evidence] was not established at least as far as practicable"). 
2.       The issue of whether the trial court had subject matter jurisdiction is not preserved for our review:  State v. Gentry, 363 S.C. 93, 610 S.E.2d 494 (2005) (holding a challenge to the indictment on the ground of insufficiency must be made before the jury is sworn).
AFFIRMED. [1]
GOOLSBY, HUFF, and KITTREDGE, JJ., concur. 

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.