681 S.E.2d 925

**The STATE, Respondent,**

v.

**Ricky L. HATCHER, Appellant.**

**No. 4604.**

Court of Appeals of South Carolina.

Heard May 27, 2009.

Decided Aug. 5, 2009.

Rehearing Denied Sept. 17, 2009.

---

Appellate Defender Elizabeth A. Franklin–Best, of Columbia, for appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; and Solicitor Jay E. Hodge, Jr., of Cheraw, for respondent.

KONDUROS, J.

Ricky L. Hatcher appeals his conviction and sentence for distribution of crack cocaine and distribution of crack cocaine within proximity of a park. He argues the trial court erred in admitting drug evidence for which the State failed to prove the chain of custody and in misstating to the jury the State's burden of proof. We reverse and remand.

## FACTS

On October 6, 2006, a confidential police informant purchased forty dollars' worth of crack cocaine from Hatcher. Two police officers followed the informant and maintained visual contact with him as he traveled to meet Hatcher. The informant wore a concealed microphone and made the purchase with money the police provided. The drugs were tied up in two small plastic baggies, which the informant concealed in his mouth before leaving Hatcher's home.[1] Maintaining one-way radio contact with police, the informant left Hatcher's home by a different route than he had arrived, met his police contacts, and delivered the drugs to them.

Officer Jeffrey Locklear accepted the drugs from the informant, placed the baggies in a plastic evidence bag, sealed the bag, and wrote certain identifying information on it. At trial, Officer Locklear testified he placed the evidence bag in a "BEST kit" plastic bag for processing by the State Law Enforcement Division (SLED). Officer Locklear transported the BEST kit to SLED. Agent Marjorie Wilson, a SLED chemist, testified she received the BEST kit from SLED's Log–In Department, processed the drugs, and returned them in a newly sealed bag to SLED's Log–In Department. Officer

---

1. The informant hid the drugs under his tongue because he was concerned other police officers not involved in the operation might find him with the contraband. Hiding drugs under the tongue is a common method for transporting smaller quantities of illegal drugs.

Locklear testified the evidence was returned to him in a heat-sealed bag that he brought to trial.

At trial, Hatcher objected to the admission of the drugs into evidence because the State failed to establish a complete chain of custody. The trial court overruled Hatcher's objection, noting the drugs remained sealed in the bags identified by the witnesses and a substantial chain of custody was established. The jury convicted Hatcher of both offenses and the trial court sentenced him to fifteen years' imprisonment on each count to run concurrently. This appeal followed.

## STANDARD OF REVIEW

The admission of evidence is addressed to the sound discretion of the trial court. *State v. Williams*, 297 S.C. 290, 293, 376 S.E.2d 773, 774 (1989). "On appeal, the question presented is whether the trial court's decision is controlled by an error of law or is without evidentiary support." *State v. Taylor*, 360 S.C. 18, 23, 598 S.E.2d 735, 737 (Ct.App.2004). If any evidence supports the trial court's decision, the appellate courts will affirm it. *Id.*

### I. Chain of Custody

Hatcher contends the trial court erred in admitting the drug evidence when the State failed to establish a complete chain of custody. We agree.

"[A] party offering into evidence fungible items such as drugs or blood samples must establish a complete chain of custody as far as practicable." *State v. Sweet*, 374 S.C. 1, 6, 647 S.E.2d 202, 205 (2007). When "the substance analyzed has passed through several hands the evidence must not leave it to conjecture as to who had it and what was done with it between the taking and the analysis." *Benton v. Pellum*, 232 S.C. 26, 33–34, 100 S.E.2d 534, 537 (1957) (quoting *Rodgers v. Commonwealth*, 197 Va. 527, 90 S.E.2d 257, 260 (1955)). However, each person who handled the evidence is not required to testify. *Sweet*, 374 S.C. at 7, 647 S.E.2d at 206.[2]

---

2. When an evidence custodian does not testify at trial, the party offering the evidence may submit the custodian's certified or sworn statement identifying the substance or its container, stating the custodian pos-

When "other evidence establishes the identity of those who have handled the evidence and reasonably demonstrates the manner of handling of the evidence, our courts have been willing to fill gaps in the chain of custody due to an absent witness." *Id.* Nevertheless, evidence is inadmissible under this rule when the offering party omitted a link in the chain of possession by failing to establish the identity of each custodian at least as far as practicable. *State v. Governor*, 362 S.C. 609, 612, 608 S.E.2d 474, 475 (Ct.App.2005).

■ First, the State argues Hatcher's objection at trial does not specifically mention the whereabouts of the drugs during the 276–day period between the purchase and the analysis, a matter he now complains of on appeal. However, we believe his objection was sufficiently specific to identify the grounds for the trial court. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("[A]n objection must be sufficiently specific to inform the trial court of the point being urged by the objector."). Hatcher objected:

Your Honor, I have not heard any testimony about where the drugs were located in-between the alleged buy on October the 6th, 2006, and when it was transported to SLED. I don't know where it was kept. I have not heard anything about where at SLED—Ms.—Ms. Wilson says that she got it from Log–In, she analyzed it, she took it back to Log–In. I don't think there's really been a complete chain of custody here, and I would object to the drugs being entered into as evidence.

Hatcher's point was the State failed to establish each link in its chain of custody. The trial court clearly understood this point and ruled: "[I]n my view, based on recent cases, that is sufficient. You don't have to have every dot and cross every 'T', but there is a substantial chain here that would justify my admitting it into evidence."

■ Having determined the issue was adequately preserved, we now turn to the merits. Officer Locklear and Agent Wilson both acted as custodians of the evidence. However, neither is directly linked to the other by testimony or documentary evidence. The party who received the evidence

_____

sessed it, and indicating the substance "was delivered in substantially the same condition as when received." Rule 6(b), SCRCrimP.

at SLED is not identified and the State presented no testimony regarding how the evidence was handled while in Officer Locklear's possession or once it was surrendered at SLED. Officer Wilson testified she received the evidence from the Log–In Department, but that is the extent of her testimony regarding how the evidence came to be in her custody. The record does not reveal the date the evidence was left at SLED or where it was stored pending Officer Wilson's receipt and analysis more than eight months after the undercover drug buy.[3]

While the chain of custody is only required to be established as far as is reasonably practicable, South Carolina courts have consistently held that all persons in the chain of custody must be identified and the manner of handling the evidence must be demonstrated.[4] *Sweet,* 374 S.C. at 7–8, 647 S.E.2d at 206–07 (holding chemist's report inadmissible in absence of evidence the confidential informant procured drugs from defendant); *State v. Cribb,* 310 S.C. 518, 522, 426 S.E.2d 306, 309 (1992) (reversing trial court's admission of blood alcohol evidence when the identity of person who drew sample or transported it to the hospital laboratory was not in evidence); *Raino v. Goodyear Tire & Rubber Co.,* 309 S.C. 255, 258, 422 S.E.2d 98, 100 (1992) (affirming trial court's suppression of blood alcohol evidence when the identity of any party handling the blood was unknown even though the laboratory was in close proximity to the trauma where sample was drawn); *State v. Taylor,* 360 S.C. 18, 27–28, 598 S.E.2d 735, 739 (Ct.App.2004) (holding chain of custody was established when identity of each custodi-

---

3. We also note the record contains no testimony regarding how the drug evidence was transported back to Officer Locklear. However, this link in the chain of custody would not necessarily prevent admission of Officer Wilson's report provided the other previous links were sufficiently established.

4. In *South Carolina Department of Social Services v. Cochran,* 364 S.C. 621, 628–30, 614 S.E.2d 642, 646–47 (2005), the court approved the admission of test results relating to a blood sample although DSS was unable to identify the courier who transported the samples from the collection facility to the testing facility. While *Cochran* can be construed to loosen the requirements of custodial identification, the court was careful to limit its holding to the specific facts of that case. *Id.* at 629 n. 1, 614 S.E.2d at 646 n. 1. We find the facts of *Cochran* to be readily distinguishable from this case.

an was established through documentary evidence and testimony although evidence custodian was unavailable to testify at trial or via affidavit); *State v. Joseph*, 328 S.C. 352, 364–65, 491 S.E.2d 275, 281–82 (Ct.App.1997) (holding chemist's report was inadmissible when chemist was not produced to testify after timely objection to report and chemist was party who retrieved evidence from SLED drop box, retained possession for six months, and conducted testing). These requirements are not met in this case.

The confidential informant, Officer Locklear, and Officer Wilson all testified the drug evidence had not been tampered with between its procurement from Hatcher and its receipt and analysis. However, evidence the drugs had not been tampered with is not sufficient to overcome missing links in the chain of custody. *See State v. Chisolm*, 355 S.C. 175, 584 S.E.2d 401 (Ct.App.2003) (overruled on other grounds by *Taylor*, 360 S.C. at 27, 598 S.E.2d at 739). In *Chisolm*, the trial court admitted drug evidence when the State offered no testimony or affidavit from the two custodians in the chain of custody between the investigating officer and the analyst. *Id.* at 177–78, 584 S.E.2d at 403. In reversing the trial court, this court stated:

> There is no dispute that the State did not submit the testimony of each individual who handled the evidence nor did the State comply with Rule 6(b). *The trial court, however, allowed the introduction of the evidence despite the missing links in the chain because the State demonstrated that the evidence had not been tampered with by the time [the chemist] received it for analysis. This was error.*

*Id.* at 180, 584 S.E.2d at 404 (emphasis added).

Just as in *Chisolm*, the trial court in this case relied on the lack of proof that the evidence was somehow tainted. However, that alone is not enough to establish a sufficient chain of custody.

We note the case before us is distinguishable from the line of cases in which the identity of the custodian and method of handling are known but the manner of handling was irregular in some respect. In such cases, evidence may be admissible with any irregularities going to the weight of the evidence as opposed to its admissibility. *See Governor*, 362 S.C. at 613,

608 S.E.2d at 476 (finding chain of custody requirement satisfied when all custodians of blood sample were identified although officer did not follow department directives in handling evidence); *State v. Horton*, 359 S.C. 555, 567–68, 598 S.E.2d 279, 286 (Ct.App.2004) (finding urine sample admissible when custodians were identified even though it could not be explained how sample became packaged in a Styrofoam container); *State v. Johnson*, 318 S.C. 194, 196, 456 S.E.2d 442, 444 (Ct.App.1995) (holding crack-cocaine evidence admissible when parties in chain of custody were identified although dates of transfer were not entirely consistent).

Therefore, based on the application of chain of custody law in the aforementioned cases, we find the State did not establish a sufficient chain of custody and the drug evidence should have been suppressed.

## II. Jury Instruction

Hatcher asserts the trial court erred in providing the jury with an inaccurate instruction. He argues by stopping its instruction in the middle of the phrase "beyond a reasonable doubt," the trial court implied to the jury the burden of proof was lower than constitutionally mandated.

We decline to reach this issue because our resolution of the first issue is dispositive. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

## CONCLUSION

For the foregoing reasons, Hatcher's distribution convictions are

## REVERSED AND REMANDED.

HEARN, C.J., and THOMAS, J., concur.