625 S.E.2d 248

The **STATE**, Respondent,

v.

Retrice Lamont **FUNDERBURK**, Appellant.

No. 4066.

Court of Appeals of South Carolina.

Submitted Nov. 1, 2005.

Decided Jan. 9, 2006.

Acting Deputy Chief Attorney Wanda H. Carter, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia; and Solicitor Robert M. Ariail, of Greenville, for Respondent.

WILLIAMS, J.:

Retrice Lamont Funderburk appeals following a conviction for trafficking in cocaine.  Specifically, Funderburk argues the trial court improperly admitted evidence.  We affirm.

## FACTS

On November 16, 2000, Officers David Robinson and John McIntyre were patrolling Interstate I–85 in Greenville County when they observed a vehicle traveling too closely to an eighteen-wheeler truck. After activating his blue lights and stopping the vehicle, Robinson approached the passenger side of the car. Arriving at the passenger window, he noticed a female in the driver's seat, a male in the passenger's seat, and smelled what he believed to be burnt marijuana.

After a brief conversation with the occupants, Robinson asked the driver, Debbie Lipscomb, to step out of the car so he could issue her a warning for following too close. While Robinson was writing the warning, he asked Lipscomb about her travels and learned the car belonged to the passenger's mother. As he was talking to Lipscomb, Robinson saw the passenger, Retrice Funderburk, make several hand gestures out of the window. Robinson walked back to the vehicle and asked Funderburk if he needed anything. Approaching the car, Robinson again smelled the odor of burnt marijuana.

Robinson briefly talked with Funderburk and then asked for consent to search the vehicle. Funderburk initially agreed to "open up things" for Robinson, but was told, for safety reasons, "he couldn't do that." Robinson then asked Funderburk to exit the car and leave the keys on the seat. After Funderburk exited the vehicle, Robinson again asked for consent to search. Funderburk responded by pointing toward the vehicle and saying "go ahead." Robinson conducted a brief visual search of the interior and then proceeded to the rear of the vehicle. Robinson opened the trunk and searched through its contents. Soon thereafter, Funderburk questioned why the search was necessary. Robinson then asked, once again, if he could search and Funderburk responded, "yes, you can." After searching a few bags, Robinson put his hand on a black bag and felt two hard brick-shaped items that, from experience, he identified as either cocaine or marijuana. Funderburk claimed ownership of the bag and then asked Robinson to stop the search. Robinson stopped the search and instructed McIntyre to arrest Funderburk. A struggle ensued, but Funderburk was eventually apprehended. A more thorough search of the bag yielded 3.27 pounds of

cocaine. After Funderburk was restrained, Robinson found two blunts, or cigars filled with marijuana, in the vehicle.

A Greenville County grand jury indicted Funderburk for trafficking in cocaine and resisting arrest. At trial, Funderburk moved to suppress the cocaine, arguing the search exceeded the scope of consent and the officers lacked probable cause to search the trunk. Over his objection, the court allowed evidence and testimony regarding the cocaine.

In addition, Funderburk objected to testimony which referred to the "blunts" as marijuana. Funderburk argued that the substance was not tested, but the trial court allowed the testimony, ruling that Robinson may "testify as to what his state of mind was." Funderburk also objected to the introduction of the blunts into evidence, again arguing the State never definitively determined the substance to be marijuana and that introduction of the evidence was prejudicial. Again, the court allowed the evidence over objection.

At the close of trial, the jury found Funderburk guilty of trafficking in cocaine. This appeal followed.

## STANDARD OF REVIEW

■■■■ "In criminal cases, the appellate court sits to review errors of law only." *State v. Wilson,* 345 S.C. 1, 5, 545 S.E.2d 827, 829 (2001). The appellate court "is bound by the trial court's factual findings unless they are clearly erroneous." *State v. Quattlebaum,* 338 S.C. 441, 452, 527 S.E.2d 105, 111 (2000). The appellate court "does not re-evaluate the facts based on its own view of the preponderance of the evidence but simply determines whether the trial judge's ruling is supported by any evidence." *Wilson,* 345 S.C. at 6, 545 S.E.2d at 829.

■■■■ "The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion." *State v. Gaster,* 349 S.C. 545, 557, 564 S.E.2d 87, 93 (2002) (citations omitted). "An abuse of discretion occurs when the trial court's ruling is based on an error of law." *State v. McDonald,* 343 S.C. 319, 325, 540 S.E.2d 464, 467 (2000) (quoting *Clark v. Cantrell,* 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000)).

### LAW/ANALYSIS

#### I. Scope of Consent

■ Funderburk argues the trial court erred in denying counsel's motion to suppress the cocaine found in the trunk because the officer's search exceeded the scope of consent. We disagree.

■■ "Under our state constitution, suspects are free to limit the scope of the searches to which they consent." *State v. Forrester*, 343 S.C. 637, 648, 541 S.E.2d 837, 843 (2001). "When relying on the consent of a suspect, a police officer's search must not exceed the scope of the consent granted or the search becomes unreasonable." *Id.* "The scope of the consent is measured by a test of 'objective' reasonableness—what would the typical reasonable person have understood by the exchange between the officer and the suspect?" *State v. Mattison*, 352 S.C. 577, 585–86, 575 S.E.2d 852, 856 (Ct.App. 2003) (citation omitted).

We hold the trial court did not err in denying the motion to suppress because evidence exists to support the finding that Funderburk's consent included a search of the trunk. First, the record indicates Funderburk imposed no limits on the scope of his consent to a search. Funderburk consented to the search of the vehicle three times: (1) before he exited the vehicle he agreed to "open things up"; (2) as he walked away from the vehicle he pointed at the car and stated "go ahead"; and (3) when Robinson asked about searching the trunk, Funderburk told him "yes, you can."

Second, Funderburk failed to object to Robinson's search. "[A] suspect's failure to object (or withdraw his consent) when an officer exceeds limits allegedly set by the suspect is a strong indicator that the search was within the proper bounds of the consent search." *United States v. Jones*, 356 F.3d 529, 534 (4th Cir.2004) (citations omitted). Here, Funderburk failed to withdraw his consent when Robinson searched through the vehicle's trunk. Therefore, the record demonstrates the scope of consent was not exceeded. Because Funderburk gave a general consent to a search of the vehicle and failed to object to Robinson's search, we find the trial

court's ruling was supported by the evidence, and, therefore, we find no error.

## II. Evidence/Testimony Regarding Marijuana

■ Funderburk argues on appeal, that the trial court erred in allowing the testimony and evidence regarding marijuana found during the search because it constituted improper propensity evidence pursuant to *State v. Lyle*, 125 S.C. 406, 118 S.E. 803 (1923). We disagree.

At trial, Funderburk objected to the admission of the marijuana evidence based on an improper foundation. Specifically, he argued the substance was never tested and/or analyzed and because of this, the substance's admission, or testimony regarding it, would be improper. At no time did Funderburk raise an objection based on *Lyle*. Because Funderburk's arguments concerning propensity evidence were not presented to the trial court, we find they are not preserved for our review. *See, e.g., Ellie, Inc. v. Miccichi*, 358 S.C. 78, 102, 594 S.E.2d 485, 498 (Ct.App.2004) ("It is well-settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved for appellate review.").

Accordingly, the trial court's decision is

**AFFIRMED.**[1]

STILWELL and KITTREDGE, JJ., concur.

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.