THE STATE OF SOUTH CAROLINA

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

 v.

 
 
 
 Michael Lee Staton, Appellant.
 
 
 

Appeal From Laurens County
William P. Keesley, Circuit Court Judge

Unpublished Opinion No. 2006-UP-352
Submitted October 1, 2006  Filed October 19, 2006

AFFIRMED

 
 
 
 Assistant Appellate Defender Robert M. Dudek, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Harold M. Coombs, Jr., of Columbia, and Solicitor Jerry W. Peace, of Greenwood, for Respondent.
 
 
 

PER CURIAM:    Michael Lee Staton (Staton) appeals his conviction for the unlawful possession of a controlled substance, trafficking in methamphetamine, and failure to stop for a law enforcement vehicle.  Staton maintains the trial judge abused his discretion in admitting evidence, arguing the chain of custody was not adequately proven by the State.  We affirm.[1]
FACTS
On the night of January 3, 2004, Officer Donald Ward (Ward) attempted to stop Staton because the vehicle he was driving was without a license plate.  At the sight of the officers blue light, Staton sped up, leading law enforcement on a fifteen-mile car chase that ended only when the vehicle Staton was driving ceased to run.  He then fled his vehicle and the pursuit continued on foot.  With the help of fellow officer Jeffery Dennie (Dennie), Ward was able to run down and apprehend Staton.  On Statons person, Ward found a bottle of pills.  Dennie searched Statons vehicle to find syringes, a set of weights, several bags containing a white powder, and a vial of red liquid in the glove compartment.  Officer Ward was present during the entire time Dennie searched the vehicle, but was otherwise occupied in assisting an individual who had been a passenger in Statons car.   
Dennie handed all of the evidence he removed from the car to Ward.  Before leaving the scene, Ward handed these items, along with the pill bottle he found on Staton, to investigator Michael Coats (Coats).  Ward completed a chain of custody form, stating he seized the bottle of pills, syringes, weights, and bags from Staton and that he subsequently gave them all to Coats.  In this documentation, Ward did not note that Dennie was the one who actually, physically removed the evidence from Statons car.  Dennie never recorded his handling of these objects.  
At trial, officers Ward and Dennie testified as to the above facts.  Dennie explained that as he was only the secondary officer on the scene and his removal of the evidence from Statons vehicle was done in Wards presence, he did not believe it was necessary for him to document the brief time he handled the items before passing them along to Ward.  
Coats then testified as to receiving the evidence from Ward.  He further stated he placed the objects in a tamper-evident best bag, a type of bag which once sealed, must be torn in order to be reopened.  Coats recounted he kept this bag in his offices safe until the time it was transferred to the South Carolina Law Enforcement Divisions (SLED) secure drug box.   
Gregory Rock, a drug analyst with SLED, reported that although Atra Taylor, another SLED analyst, transported the evidence from SLEDs secure drug box to their departments drug vault, he personally removed the specimens from the locked drug vault, examined the tamper-evident bag, and noted the integrity of the bag and evidence inside.  Rock then detailed his chemical tests, which showed the bottle of pills to be comprised of 29 tablets of hydrocodone and acetaminophen (a class III controlled substance) and 30 tablets of alprazolam (a class IV controlled substance).  The white powder and red liquid both proved to be methamphetamine. 
The prosecution offered these substances as evidence.  Staton objected that the requisite chain of possession had not been presented.  The court overruled, finding a sufficient chain of custody to be shown and adding that any difference between the trial testimony and the forms went to the credibility of the evidence and not its admissibility.  
The jury found Staton guilty of the unlawful possession of controlled substances, trafficking in methamphetamine, and failure to stop for a law enforcement vehicle.  
STANDARD OF REVIEW
 The admission of evidence is within the discretion of the trial court and will not be reversed absent a manifest abuse of discretion.  State v. Gaster, 349 S.C. 545, 557, 564 S.E.2d 87, 93 (2002); State v. Funderburk, 367 S.C. 236, 239, 625 S.E.2d 248, 249-50 (Ct. App. 2006).  Additionally, the abuse of discretion must be accompanied by probable prejudice.  State v. Wise, 359 S.C. 14, 21, 596 S.E.2d 475, 478 (2004).  An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law.  State v. Irick, 344 S.C. 460, 464, 545 S.E.2d 282, 284 (2001); State v. Funderburk, 367 S.C. 236, 239, 625 S.E.2d 248, 249-50 (Ct. App. 2006).  If there is any evidence to support the trial judge's decision, the appellate courts will affirm it.  State v. Wilson, 345 S.C. 1, 7, 545 S.E.2d 827, 829 (2001); State v. Taylor, 360 S.C. 18, 598 S.E.2d 735 (Ct. App. 2004).
DISCUSSION
Staton claims the chain of custody presented by the State was fatally deficient and the judge erred in allowing the drugs into evidence.  Staton relies on the failure of Taylor to testify as to her custody of the specimens and the fact that Ward did not indicate in his documentation that it was Dennie who actually removed particular items from Statons vehicle.
A party offering into evidence fungible items such as drugs must establish a chain of custody as far as practicable, tracing possession from the time the object is seized to the final custodian by whom it is analyzed.  See State v. Carter, 344 S.C. 419, 424, 544 S.E.2d 835, 837 (2001).  Where the analyzed substance has passed through the hands of several persons, the evidence presented must not leave it to conjecture as to who had it and what was done with it in the time between the taking and the analysis.  State v. Taylor, 360 S.C. 18, 22-23, 598 S.E.2d 735, 737 (2004).  [I]f the identity of each person in the chain handling the evidence is established, and the manner of handling is reasonably demonstrated, no abuse of discretion is shown in the admission, absent proof of tampering, bad faith, or ill-motive.  Taylor, 360 S.C. at 25, 598 S.E.2d at 738.  However, as long as the sequence of possession is complete, sufficient proof of the chain of custody need not negate all possibility of tampering.  Carter, 344 S.C. at 424, 544 S.E.2d at 837; State v. Williams, 297 S.C. 290, 293, 376 S.E.2d 773, 774 (1989); State v. Johnson, 318 S.C. 194, 196, 456 S.E.2d 442, 443 (Ct. App. 1995).  
Only where the identity of those who handled the evidence was not established far as practicable, have our appellate courts found evidence inadmissible.  Carter, 344 S.C. at 424, 544 S.E.2d at 837.  In contrast, where the evidence furnishes the identity of those who have handled the substance and the manner in which it was handled, we have found evidence regarding its care to go only the weight of the specimen as credible evidence.  Id.  In other words, where there is a weak link in the chain of custody, as opposed to a missing link, the question is only one of credibility, not admissibility.  Carter, 344 S.C. at 424, 544 S.E.2d at 837.
In the case at bar, the drugs chain of possession was firmly established.  The State presented evidence sequencing each person who handled the specimens.  Contrary to Statons claim, there was no missing analyst.  That Atra Taylor did not take the stand is of no consequence.  Her involvement in the chain of possession, that of carrying the drugs from SLEDs secure drug box to the chemical analysis departments drug vault, was presented at trial.  Proving chain of custody does not require that all persons in the chain must testify.  See Williams, 297 S.C. 290, 376 S.E.2d 773 (affirming trial courts decision to admit blood test results even though there was no testimony from the nurse who had drawn the blood of the defendant and placed it in the refrigerator); Taylor, 360 S.C. at 26, 589 S.E.2d at 738-739 (rejecting the appellants argument that previous South Carolina Court of Appeals cases required that all persons in the chain of custody must testify to establish admissibility).  Rock testified that he was the only chemist who actually touched the drugs and that the evidence bag was unbroken and unopened at the time he removed the specimen from the vault.  The lack of testimony from Taylor affects only the weight of the evidence, not its admissibility.  The chain of custody was properly presented.
The admissibility of the evidence was also unaffected by Officer Wards omission in his chain of custody documentation, that is to say his failure to note that Officer Dennie first handled the drugs in Statons glove compartment.  Both officers testified that Ward was nearby when Dennie searched the car, and even had Ward not been present, the trial testimony nonetheless firmly established the identity of those persons in possession of the evidence and the manner in which it was handled.  Any discrepancy between the officers testimony and the completed forms implicated the specimens credibility but did not render them inadmissible.  
CONCLUSION 
The was no abuse of discretion in the admission of the drugs into evidence.  Accordingly, Statons convictions are 
AFFIRMED.
ANDERSON, HUFF, and SHORT, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.